THE HON. HENRY C. SMITH,
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.

---

SCHWINDT, RESPONDENT, *v.* LANE POTTER LUMBER CO.,
LTD., APPELLANT.

(No. 2,771.)

(Submitted February 21, 1910.   Decided March 1, 1910.)

[107 Pac. 818.]

*Pleadings—Complaint—Duplicity—Demurrer.*

> 1.   Where it was apparent from plaintiff's complaint that he had
> but a single demand against defendant, viz., one for goods, wares and
> merchandise furnished to the latter, but the pleading was so drawn
> as to suggest three different theories of plaintiff's cause of action,
> to-wit, that defendant was liable as an original debtor, or as a guar-
> antor, or as a tort-feasor, a special demurrer interposed to it on the
> ground of duplicity should have been sustained.

*Appeal from District Court, Sanders County; Henry L.
Meyers, Judge.*

ACTION by Henry Schwindt against the Lane Potter Lumber
Company, Limited.   Judgment for plaintiff, and defendant ap-

(537)

peals from it and an order denying a new trial. Reversed and remanded.

Mr. *James A. Walsh* submitted a brief in behalf of Appellant, and argued the cause orally.

In behalf of Respondent there was a brief and oral argument by Mr. *Elmer E. Hershey.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action alleges that in the fall of 1907, the defendant company was engaged in cutting logs in the vicinity of Heron, Montana, and had a party in charge of such work whom it authorized to issue orders upon the defendant company for goods, wares, merchandise, and other supplies necessary to carry on the work; that the party in charge of the work issued to the plaintiff, who was engaged in the general mercantile business, three certain orders, aggregating $1,208.34, for goods furnished by the plaintiff and for money expended. It is also alleged that in November, 1907, the plaintiff made inquiry of defendant with regard to orders issued upon it by the party in charge of the work, and that the defendant replied that the time orders would be paid on January 20, 1908, and the other orders on the 5th of each month or as soon thereafter as the office work would permit; that defendant requested plaintiff to notify it once a week of the orders he had on hand, and that defendant would promptly notify plaintiff whether such orders were all right; that, in accordance with this arrangement, the orders issued to the plaintiff were promptly sent to the defendant company at its principal office at Clark's Fork, Idaho, the first two orders having been sent on December 7, and the last one on December 11, 1907; that the defendant retained said orders until the 16th of December, 1907, when it returned them to the plaintiff, and then and thereafter refused to pay the same or any part thereof; that by reason of the fact that the defendant re-

tained said orders until December 16th, and did not promptly notify the plaintiff that the orders would not be accepted or paid, the plaintiff was led to believe that they would be paid, and by reason thereof suffered the goods to be taken away, and thereby plaintiff was deprived of an opportunity to rescind the sale and recover the goods. To this complaint the defendant interposed a general and a special demurrer. These demurrers were overruled, the defendant answered, the cause was tried and resulted in plaintiff recovering judgment for the full amount claimed; and from the judgment entered, and from an order denying it a new trial, the defendant company appealed.

The principal contention made in this court is that the trial court erred in overruling defendants' demurrer to the complaint. The allegations of the complaint, paraphrased above, suggest three theories of plaintiff's cause of action or grounds of defendants' liability: (a) That the goods were sold to, and the money expended for, the defendant itself, at the special instance and request of John McGill, the party in charge of the work who was its duly authorized agent; or (b) that the goods were sold to, and the money expended for, McGill, and that the defendant company agreed to accept and pay McGill's orders issued for the same; or (c) that plaintiff was damaged in the amount claimed, by reason of the failure of the defendant company to return to the plaintiff within a reasonable time the three orders issued by McGill and referred to in the complaint. It is quite apparent that the evidence which would support any one of these theories would not support either of the other two; and, since one primary object of the complaint was to apprise the defendant of the proof which it would be required to meet (6 Ency. of Pl. & Pr. 250), the complaint in this instance fails of its purpose.

In 6 Encyclopedia of Pleading and Practice, 248, it is said: "An issue is defined as a single, certain, and material point arising out of the allegations or pleadings of the parties, which would generally be made up by an affirmative or negative. The object of pleadings is to bring out this issue between the parties,

and to this end certainty is one of the most common requirements.''

Upon the subject now under consideration, and under the head, ''Rules which Tend to Produce Singleness or Unity in the Issue,'' Mr. Stephens, in speaking of duplicity, under rules of pleading at common law, says: ''Pleadings must not be double. This rule applies both to the declaration and subsequent pleadings. Its meaning with respect to the former is that the declaration must not, in support of a single demand, allege several distinct matters, by any one of which that demand is sufficiently supported.'' (Andrews' Stephens' Pleading, 2d ed., sec. 175; 1 Chitty on Pleadings, *p. 249; Gould on Pleadings, p. 405; 7 Ency. of Pl. & Pr. 237.) The term ''duplicity,'' used in Code practice, has been given a somewhat enlarged meaning, but still includes all that was comprehended by the definition at common law. (Bliss on Code Pleading, sec. 290.)

The complaint indicates quite clearly that the plaintiff has but a single demand, and the defendant was entitled to know whether it was sued upon an original liability, or as a guarantor, or as a tort-feasor; and, having called the particular defects in the complaint to the attention of the trial court, it was error to overrule the special demurrer. (*Lynch* v. *Great Northern Ry. Co.,* 38 Mont. 511, 100 Pac. 616; *Hosty* v. *Moulton Water Co.,* 39 Mont. 310, 102 Pac. 568.) It would not serve any useful purpose to discuss the other questions raised upon this appeal. If the complaint is redrafted, so that it will indicate the theory of defendant's liability, many, if not all, of these questions will not arise again.

For the error noted, the judgment and order are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.