SNELL, RESPONDENT, *v.* NORTH BRITISH & MERCANTILE
INSURANCE CO., APPELLANT.

(No. 4,543.)

(Submitted November 2, 1921.  Decided December 12, 1921.)

[203 Pac. 521.]

*Fire Insurance—Proof of Loss—Sufficiency—Waiver—Pleading.*

Fire Insurance—Proof of Loss—Waiver.
1. Where defendant insurance company's adjuster co-operated with
the insured in making up a list in detail of the latter's property
destroyed by fire and the amount of the loss, and in effect stated
to him that the only thing left to be determined was the amount
that should be paid, he gave the insured cause to believe that nothing
further was required of him, amounting to a waiver of the require-
ment of the policy making it incumbent upon the insured to furnish
proof of loss within a given time.

Same—Insufficient Proof of Loss—Retention Without Objection—Waiver.
2. Receipt and retention by the insurer, without objection, of a
paper which insured believed to be such proof of loss as was re-
quired by a fire insurance policy, and failure to demand further
proof, constituted a waiver of the right of the insurer to object
thereto on the ground that it did not satisfy the requirements of the
policy.

Same—Insufficiency of Proof of Loss—What may Constitute Waiver.
3. *Held*, that by advising its local agent upon inquiry as to the
status of plaintiff's claim under a fire insurance policy that the mat-
ter of the adjustment of the loss was in the hands of its adjuster,
without stating that proof of loss was unsatisfactory, the insurer
waived any defect or insufficiency in the proof of loss furnished.

Same—Policy Requirements—Waiver must be Pleaded.
4. Where plaintiff in an action on an insurance policy relies upon a
waiver of material provisions thereof, he must plead the facts con-
stituting it, an allegation of full performance of all its conditions
not being established by proof of waiver alone.

Same—Instruction—Proper Refusal.
5. An offered instruction that unless plaintiff had established the
fact that he gave, and the company received, the proof of loss by
fire required by the policy he could not recover, was properly refused
as not applicable, the undisputed facts showing waiver of the require-
ment.

Same—Retention of Premium—Policy Requirements—What not Waiver.
6. Defendant insurer not having denied the contract of insurance
and its obligations thereunder, retention of a premium due on the
policy paid some months after destruction of plaintiff's property by
fire could not be construed as a waiver of any of the provisions of the
policy, and admission in evidence of such payment was erroneous,
but harmless.

---

1. Negotiation for or offer of settlement as waiver of proofs of loss
required by fire insurance policy, see note in **Ann. Cas.** 1916A, 594.

*Appeals from District Court, Ravalli County; Theodore Lentz, Judge.*

ACTION by L. C. Snell against the North British and Mercantile Insurance Company of London and Edinburgh. From a judgment for plaintiff and an order denying it a new trial, defendant appeals. Reversed and remanded.

*Messrs. Frank & Gaines,* for Appellant, submitted a brief; *Mr. R. F. Gaines* argued the cause orally.

Exact literal compliance with the policy requirements is, of course, not required; but substantial compliance is. (19 Cyc. 849; 14 R. C. L., Insurance, sec. 507; *DaRin* v. *Casualty Co. of America,* 41 Mont. 175, 184, 137 Am. St. Rep. 709, 27 L. R. A. (n. s.) 1164, 108 Pac. 649.) An investigation such as here conducted by Luke could not possibly operate to relieve Snell from the duty of furnishing proofs of loss. (*Kuck* v. *Citizens' Ins. Co.,* 90 Wash. 35, 155 Pac. 406; *Petroff & Co.* v. *Equity Fire Ins. Co.,* 183 Iowa, 906, 167 N. W. 660; *Bond* v. *National etc. Ins. Co.,* 77 W. Va. 736, 88 S. E. 389.) "That preliminary negotiations looking to an amicable settlement of a loss is not waiver of the terms of a policy, and that an action cannot be maintained without strict compliance, unless it appears that the insured was misled to his injury, in which event waiver will be implied, has been frequently held by this court." (*Goldstein* v. *National etc. Ins. Co.,* 106 Wash. 346, 180 Pac. 409, 412; see, also, *Crandon* v. *Home Ins. Co.,* 99 Kan. 785, 163 Pac. 458–460; *Fournier* v. *German American Ins. Co.,* 23 R. I. 36, 49 Atl. 98; *Missouri etc. R. Co.* v. *Western etc. Co.,* 129 Fed. 610; *Ruthven* v. *American Fire Ins. Co.,* 92 Iowa, 316, 60 N. W. 663, 665, 666; *Cowan* v. *Phenix Ins. Co.,* 78 Cal. 181, 20 Pac. 408.) The effect of failure to furnish proofs of loss is discussed in *Commercial Union etc. Co.* v. *Shults,* 37 Okl. 95, 130 Pac. 572.

Having pleaded performance of conditions precedent to the maintenance of his action, Snell could not properly introduce

any evidence tending to show waiver of policy requirements or recover on the theory that performance had been waived. Waiver must be pleaded. "Ratification and waiver are in the nature of estoppel and to be available they must be pleaded when an opportunity to make such plea is presented. (*Smith* v. *Barnes,* 51 Mont. 202, Ann. Cas. 1917D, 330, 149 Pac. 963; *Long Creek Bldg. Assn.* v. *State Ins. Co.,* 29 Or. 569, 46 Pac. 366; *Waller* v. *City of New York Ins. Co.,* 84 Or. 284, Ann. Cas. 1918C, 139, 164 Pac. 959; *Mercer* v. *Germania Ins. Co.,* 88 Or. 410, 171 Pac. 412; *Aronson* v. *Frankfort etc. Ins. Co.,* 9 Cal. App. 473, 99 Pac. 537; *American Jobbing Assn.* v. *James,* 24 Okl. 460, 103 Pac. 670; 19 Cyc. 923; *Hartford Fire Ins. Co.* v. *Mathis,* 57 Okl. 332, 157 Pac. 134.) In *Insurance Co.* v. *Johnson,* 47 Kan. 1, 27 Pac. 100, it was held that even though the evidence received was sufficient to establish waiver, yet, having been received over objection that no plea of waiver had been made, the verdict in favor of plaintiff must be set aside.

*Mr. C. S. Wagner* and *Mr. J. D. Taylor,* for Respondent, submitted a brief; *Mr. Wagner* argued the cause orally.

While waiver is not pleaded, we contend it was not necessary because defendant was not misled to its prejudice, it having knowledge of and being in possession of all of the facts. The variance, if any, between the allegations and the proof we contend was, therefore, not material, and is excused by the provisions of section 6585, Revised Codes. A case in point is that of *Robinson* v. *Palatine Ins. Co.,* 11 N. M. 162, 66 Pac. 535. It appears that jurisdiction has a statute similar to ours. In that case the complaint alleged plaintiff had performed all and every act required to be done by him, both before and after the fire, but that the insurance company refused to adjust the loss or to pay the same, or any part thereof. A copy of the policy was filed with the complaint. The answer of the defendant consisted of a number of affirmative matters in addition to the general issue, some of which were substan-

tially similar to the defenses here interposed. After joinder of issue the cause was tried before a jury which rendered a verdict in favor of the plaintiff. In that case as here the plaintiff contended that a substantial compliance with the terms and conditions of the policy as to notice of proof of loss is all that is required and the court sustained the plaintiff's contention, saying: "The mere failure to verify the notice of loss, under the facts in this case if such verification was not made, was waived by the insurer. We can see no substantial variance, which affects the merits of this case, between the pleadings and the proofs adduced on the trial." (See, also, *Foster* v. *Fidelity & Casualty Co.,* 99 Wis. 447, 40 L. R. A. 833, 75 N. W. 69; *Tillis* v. *Liverpool etc. Ins. Co.,* 46 Fla. 268, 110 Am. St. Rep. 89, 35 South. 171; *Stephens* v. *Union Assur. Society,* 16 Utah, 22, 67 Am. St. Rep. 595, 50 Pac. 626; *Jerrils* v. *German Am. Ins. Co.,* 82 Kan. 320, 20 Ann. Cas. 251, 28 L. R. A. (n. s.) 104, 108 Pac. 114; *Ackley* v. *Phenix Ins. Co.,* 25 Mont. 272, 64 Pac. 665.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

On the 15th of December, 1917, plaintiff procured an insurance policy of defendant covering creamery stock and equipment contained in a certain building at Corvallis, the policy taking effect at noon of that day. On that same evening a fire occurred, resulting in a total loss of the insured property. This action was commenced to recover the amount claimed to be due upon the policy. The case was tried before the court with a jury. Verdict was rendered in favor of plaintiff, and judgment entered accordingly. Motion for new trial was made and overruled. Defendant appeals from the judgment, and from the order overruling the motion.

Defendant insists that the judgment cannot be sustained because plaintiff did not furnish proof of loss in accordance with the terms of the policy, which was a condition precedent to the commencement of the action. The policy requires that

[61 Mont. 547.]

within sixty days after a loss insured shall furnish the company with proof of loss, signed and sworn to by him, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and of all others in the property, the cash value of each item thereof, and the amount of loss thereon, all encumbrances thereon, all other insurance, whether valid or not, covering any of such property, a copy of all the descriptions and schedules in all policies, any changes in the title, location, possession, or exposures of said property since the issuing of the policy, and by whom and for what purpose any building described in the policy in the several parts thereof were occupied at the time of the fire. The policy also provides that the loss shall not become payable until sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss shall have been received by the company in accordance with the terms of the policy. There is no contention but that the notice of loss was properly given, and that there was an estimate of the amount of the loss; but defendant contends that at no time has there been any proof of loss as required by the policy.

There was received in evidence as a proof of loss exhibit "A," consisting of a detailed statement of the creamery equipment and stock on hand, with cost values, with certain deductions for depreciation. This exhibit was supplemented by the testimony of plaintiff showing that, after the notice of loss was given, and about thirty days thereafter, one Luke came to make an adjustment of the policy. Luke spent a portion of two days with plaintiff, looking over a plant at Hamilton, so that Luke could acquire some knowledge of the operation of a creamery in examining the site of the fire and in determining the amount of the loss. Plaintiff worked with him, and together they made up the list. As to some items which had been recently purchased, the cost price was taken from invoices in plaintiff's possession; as to other items, inquiry was made of merchants handling similar merchandise, and in other instances reference was made to catalogue prices of

similar articles.  Luke stated that there was a definite rule
of discount for depreciation which was set forth in a book in
his possession, which book he used in figuring depreciation,
which items of depreciation were at three different places in
the exhibit deducted from the cost prices.  This exhibit was
made in duplicate by Luke, and one copy given to plaintiff.
Before Luke left he stated to plaintiff that he would make a
report to the company, but did not tell him what his report
would be, or what, if any, recommendation he would make,
but he did state that it was not a question of how much or
how little he could give but it was a question of getting the
thing down to what it should actually be.  He did not tell
plaintiff anything else to do or not to do, and plaintiff did not
prepare any other papers.  On the 4th of March, 1918, pre-
sumably upon inquiry of plaintiff, the local agent of the com-
pany wired to its general agents as follows: "Advise condition
of L. C. Snell loss milk being hauled six miles at great ad-
ditional expense weather will not permit much longer.  Snell
anxious to build again.  How soon will settlement be made
investigated two weeks ago?  Why more delay?  Snell will
employ attorney.  Wire."  On the 5th of March the general
agents of the company wired to the local agent: "Confer
Robert A. Luke Helena.  Snell adjustment in his hands."
On the same day the general agents wrote a letter to the local
agent expressly confirming the message, and "further advising
that all matters pertaining to the adjustment of the loss will
have to be taken up with Mr. Luke."  At no time before the
commencement of suit did defendant object on the ground that
there had not been furnished any proof of loss, or that the
exhibit "A" was insufficient to constitute such proof.

The question arises whether or not, under this statement of
facts, the defendant waived the requirement of the policy as
to the furnishing of proof of loss.  There are three grounds
upon which waiver may be claimed: (1) That defendant made
adjustment of the loss and in connection therewith gave plain-
tiff to understand that nothing further would be required of

him; (2) that defendant retained the statement showing the loss without any objection to it on the ground that it was defective or insufficient in meeting the requirements of the policy as to proof of loss; (3) that, after the expiration of the time within which proof of loss should be furnished, defendant, without raising any question upon the insufficiency of the proof of loss, expressly stated that the matter of adjustment was in the hands of Luke.

Upon the first ground, defendant insists that the adjustment [1] was merely an estimate or ascertainment of the loss, and that such did not constitute any waiver of the requirement of the policy as to the furnishing of proof of loss. It is conceded by defendant that if, in connection with the estimate or ascertainment of loss, defendant's agent so conducted himself that he misled the plaintiff and caused him to understand that nothing further would be required of him, such conduct would constitute a waiver. This is undoubtedly a correct statement of the rule. (26 C. J. 403, and cases cited.) Under the terms of the policy, it is expressly provided that the insurer shall "not be held to have waived any provision or condition of this policy by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for." It is therefore clear that the company can make an examination to the extent of determining the amount of the loss without waiving the provision of the policy requiring the insured to submit proof of loss; but if the conduct of the company's agent, who is in charge of the adjustment of such loss, is such that the insured is given cause to believe that nothing further will be required of him, then such conduct is a waiver of this requirement. There is involved in this case, then, not so much a question as to what the law is, but whether or not the facts in the case bring it within the rule of the law as above stated.

It is to be noted that, at the time when the listing of the property was completed, with detailed statements as to the value of the articles, and Luke was about to leave the plaintiff, he said to plaintiff that it was not a question of how much or

how little he could give, but it was a question of getting it down to what it should actually be. It seems to us that there could be but one construction of this language, and that is that there was nothing further to be done except to make an exact determination of the amount to be paid by the company. When Luke said that that was the question, plaintiff was justified in believing that there was nothing further for him to do but to wait until that question, and that question alone, was determined. That such was the effect of the conduct of Luke is apparent from the telegram that was sent by the local agent to the general agents relative to the matter, which presumably could have been induced only by an inquiry from plaintiff as to when he could expect settlement to be made. Under these circumstances, we believe that the facts come within the rule, and that the conduct of defendant, through its adjuster, Luke, in examining the premises, in listing the property in detail, and the amount of the loss, in co-operation with the plaintiff, and in saying to the plaintiff in effect, that the only question to be determined was the amount of liability, was a waiver of proof of loss.

Upon the second ground the great weight of authority is to [2] the effect that, if the assured attempts to comply with the requirement of the policy as to notice and proof of loss, the receipt and retention of proof of loss by the insurer without objection constitutes a waiver of its right to object thereto, as not satisfying the requirements of the policy. (26 C. J. 399, and cases cited.) While the exhibit was not sufficient to constitute proof of loss according to the requirements of the policy inasmuch as it did not set forth some of the matters required in such proof of loss, nevertheless it did constitute a complete proof of loss to the extent of showing to the defendant company what items were destroyed by the fire and value. It was thus a proof of loss to some extent, although not complete. However, defendant company accepted and retained it without objection and made no demand for any further proof. When the insured has attempted to make proof of loss, even

though such attempt may be defective or insufficient, then the burden rests upon the insurer to make objection thereto, or it must be deemed to have waived the defect or insufficiency. It is not fair to the insured for the company to remain silent under such circumstances, allowing the insured to rest in the belief that the insurer is satisfied, and then, after the time for furnishing the proof of loss has expired, urge such defect or insufficiency to the prejudice of the insured. In this case the company had a statement showing the loss as completely as it was possible for plaintiff to give it, and exactly as worked out by the plaintiff and defendant's adjuster together, and, if defendant required anything more it should have so advised the insured. We think that the retention of the proof without objection as to defects or insufficiency was a waiver of any further proof of loss.

Upon the third ground it appears that, after the time for [3] furnishing proof of loss had expired, the company, in response to inquiry by the local agent, advised him by telegram that the matter of the adjustment of this loss was in the hands of Robert A. Luke, and confirmed the telegram by quoting it and further advising that all matters pertaining to the adjustment of loss would have to be taken up with Mr. Luke. It is evident from this telegram and letter that the company did not claim at that time any insufficiency of the proof, or that the proof had not been furnished within the time limited by the contract, but entirely ignored the matter of proof, stated the adjustment of the loss was in the hands of Mr. Luke, and thereby recognized its liability on the contract. "If insurer, after loss, distinctly admits or otherwise recognizes its liability to pay the claim, it constitutes a waiver of requirements of the policy as to notice and proof of loss." (26 C. J. 406, and cases cited.) If it was not satisfied with the proof of loss submitted, why did defendant not say so, instead of saying that it was in the hands of Luke for adjustment? Such attitude on the part of the company must be considered as a waiver of any defect or insufficiency in the proof of loss.

Defendant, however, contends that, even though there was a waiver of proof of loss or any defect or insufficiency therein, yet plaintiff was not entitled to recover in this action because the complaint does not allege any waiver. It alleges full performance of all the conditions of the contract, including particularly the requirement as to the furnishing of the proof of loss, but defendant urges that an allegation of performance is not established by proof of waiver. As waiver must be pleaded in order to sustain proof, we are satisfied that defendant's contention in this regard must be sustained. There are no allegations in the complaint of any facts establishing waiver upon either one of the three theories hereinbefore discussed. The nearest approach to a plea of waiver is found in the following allegations of the complaint: ''That thereupon the defendant herein was duly notified of the loss sustained by this plaintiff on account of said fire, as by the terms of said policy provided, and the defendant herein did thereupon proceed to adjust the loss sustained by this plaintiff, and did appraise the agreed sum, value, and loss of this plaintiff at, to-wit, $6,080.47, as by the terms of said policy it agreed to do.'' These allegations, however, are insufficient, for the reason that they omit to state the facts in connection with the adjustment whereby plaintiff was misled by defendant and caused to believe that no further act of his was required.

Defendant offered an instruction embodying, among other things, the proposition that plaintiff cannot recover in this case unless he shall establish by a preponderance of the evidence the fact that he gave, and the company received, the proof of loss required by the policy. While under the pleadings such instruction may be proper, yet, in view of the facts hereinbefore set forth, the instruction would not be applicable. It, in effect, would amount to an instruction to the jury to render a verdict in favor of defendant upon this feature of the case regardless of the undisputed facts showing waiver.

Error is also assigned upon the ruling of the court in admitting in evidence a check given by plaintiff to defendant's local agent about three months after the fire in payment

[61 Mont. 547.]

of the premium due upon this policy. This check was offered plaintiff upon the theory of waiver, and received in evidence by the court over the objection of defendant. We cannot see that this acceptance of the check can be construed as any waiver of any of the provisions of the policy, for the reason that defendant does not deny the contract and its obligations thereunder. Such being the case, it is entitled to hold the premium without waiving any of the conditions of the contract. We cannot see that the check was material for any purpose, but its admission was harmless error, as it could not be construed as in any way affecting the obligations of defendant in this case.

For the reasons herein given, the judgment and order overruling the motion for new trial are reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

---

ON MOTION FOR REHEARING.

(Decided January 23, 1922.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Plaintiff's petition for rehearing is denied. In connection with this petition our attention has been called to certain phraseology of the opinion from which it is suggested that misinterpretation of its meaning may result. In order to remove any doubt as to the meaning intended by the court in regard to these matters, we state that exhibit "A," referred to in the opinion, was received in evidence as a proof of loss

over the objection of defendant, the latter contending that it did not constitute any proof of loss. While upon the facts stated in the opinion relative to the conduct of Luke this court held that defendant waived its right to insist upon the failure to furnish proofs of loss, yet it must be understood that such conclusion is based upon the facts as set forth in the opinion, and does not preclude defendant from contradicting such facts upon a new trial. In stating that after the time required for the proof of loss the company announced "that the adjustment of the loss was in the hands of Mr. Luke, and thereby recognized its liability on the contract," the court did not lay down the general proposition that, merely because the company stated that the adjustment was in the hands of any certain person, it thereby recognized its liability, but merely that upon the evidence in the record before us, it waived the requirement as to proofs of loss.

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.