PASHERSTNIK, Respondent, *v.* CONTINENTAL INSUR-
ANCE CO., Appellant.

(No. 5,055.)

(Submitted March 8, 1923.  Decided April 4, 1923.)

[214 Pac. 603.]

*Hail Insurance—Notice and Proof of Loss—Waiver—Insurable Interest—Complaint—Sufficiency—Instructions—Harmless Error.*

Hail Insurance—Insurable Interest—Complaint—Sufficiency.
1.  Complaint in an action to recover on a policy of hail insurance, alleging that plaintiff "had" a certain number of acres of wheat growing was sufficient to show that he was the owner of the crop, and therefore had an insurable interest therein.

Same—Ownership—Evidence—Presumptions.
2.  Where plaintiff in an action on a hail insurance policy testified that he had sown the crop injured and referred to it as "my crop" a presumption was raised that he was its owner, in the absence of proof to the contrary.

Same—Notice of Loss Prepared by Local Agent—Sufficiency.
3.  Where a party who sustained loss reported the facts to the local agent of defendant insurance company and the agent prepared the notice of loss from information so imparted which was signed by plaintiff, the latter had a right to assume that the notice was prepared in accordance with the data so furnished.

Same—Proof of Loss—Waiver by Act of Adjuster in Making Offer of Settlement.
4.  *Held*, that where insured had failed to furnish a sworn statement of proof of loss as he was required to do under the provisions of the policy, but the company's adjuster notwithstanding such failure had made offers of settlement, defendant waived the requirement even though the policy provided that such act on the part of its adjuster should not constitute a waiver.

Same—Proof of Loss—Instructions—Erroneous Theory of Waiver—Harmless Error.
5.  Waiver of proof of notice of loss having been clearly shown as a matter of law by the conduct of defendant company's adjuster in attempting to negotiate a settlement, the giving of an erroneous instruction based upon a theory of waiver not supported by the evidence, was nonprejudicial.

*Appeals from District Court, Yellowstone County; Robert C. Stong, Judge.*

1.  Law of hail insurance, see notes in **Ann. Cas.** 1915A, 674; **Ann. Cas.** 1917D, 81.
2.  Provision in hail insurance policy in reference to presentation of proofs of loss, see note in 4 **A. L. R.** 1304.

ACTION by Sam Pasherstnik against the Continental Insurance Company. From judgment for plaintiff, and from order overruling its motion for new trial, defendant appeals. Affirmed.

*Mr. M. J. Lamb* and *Messrs. Snell & Arnott,* for Appellant, submitted a brief; *Mr. Lamb* argued the cause orally.

There having been no notice given to defendants of losses occurring on August 2 or 3 or 11, the inspection pursuant to plaintiff's notice of loss occurring on July 30 could not be or operate as a waiver of notice and proof of other losses occurring subsequently. In order that there may be a waiver the party charged with having waived performance of an act must have had full knowledge of the facts and of his rights. (29 Am. & Eng. Ency. of Law, 1093, 2d ed.; 40 Cyc. 259; see, also, *Tuttle* v. *Pacific etc. Ins. Co.,* 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993; *Travellers Ins. Co.* v. *Meyers,* 62 Ohio St. 529, 49 L. R. A. 760, 67 N. E. 458; *Havens* v. *Home Ins. Co.,* 111 Ind. 90, 12 N. E. 137; *Carey* v. *German American Ins. Co.,* 84 Wis. 80, 54 N. W. 18; *Porter* v. *United States Life Ins. Co.,* 160 Mass. 183, 35 N. E. 678; *Kimball* v. *Mason's etc. Assn.,* 90 Me. 183, 38 Atl. 102; *Burlington Ins. Co.* v. *Kennerly,* 60 Ark. 532, 31 S. W. 155, *Kuck* v. *Citizens' Ins. Co.,* 90 Wash. 35, 155 Pac. 406.)

"The proofs of loss required of insured are distinct from the notice of loss * * * Formal proofs of loss are not dispensed with by the fact the insurer has received information of the loss and has had an opportunity to investigate it." (26 C. J. 376; *Tuttle* v. *Pacific etc. Ins. Co.,* 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993; *Watertown Fire Ins. Co.* v. *Grover & Baker Co.,* 41 Mich. 131, 32 Am. Rep. 146, 1 N. W. 961.)

*Messrs. Pierson & Smith,* for Respondent, submitted a brief; *Mr. George W. Pierson* argued the cause orally.

Under such policies as the one at bar, the presumption of an insurable interest arises from the contract, and want of

such insurable interest is a matter of defense. (*Tabor* v. *Goss,* 11 Colo. 419, 18 Pac. 537; *Western Horse Ins. Co.* v. *Sheidle,* 18 Neb. 495, 25 N. W. 620.) Where the policy is pleaded, which recites ownership, any defect of allegation of the complaint is cured. (*Castell* v. *Woodcock,* 121 N. Y. Supp. 585.)

Ownership or possession of land carries ownership of growing crops on the land. (*First Nat. Bank of Galata* v. *Montana Emporium Co.,* 59 Mont. 584, 197 Pac. 994.)

The sending of an adjuster within the time specified for submitting proof was a waiver of proof. (*Farrell* v. *Farmers & Merchants' Ins. Co.,* 84 Neb. 72, 120 N. W. 929; *Savage* v. *Phoenix Ins. Co.,* 12 Mont. 458, 33 Am. St. Rep. 591, 31 Pac. 66.) The statute expressly provides for waiver of proof of loss, and the provisions of an insurance policy requiring waiver to be in writing have no reference to proofs of loss and stipulations to be performed after loss. (*Morgenstern* v. *Ins. Co.,* 89 Neb. 459, 131 N. W. 969; *Emory* v. *Glen Falls Ins. Co.,* 7 Penne. (Del.) 101, 76 Atl. 230; *Ohio Farms Ins. Co.* v. *Glaze,* 55 Ind. App. 147, 101 N. E. 734; *Wheaton* v. *North British Ins. Co.,* 76 Cal. 415, 18 Pac. 758.)

Delay in the presentation to an insurer of notice or proof of loss is waived if caused by any act of his or if he omits to make objection promptly and specifically on that ground. (Rev. Codes, sec. 8145; *Hartford Fire Ins. Co.* v. *Hammond Ins. Co.,* 41 Colo. 323, 92 Pac. 686; *Griffith* v. *Anchor Fire Ins. Co.,* 143 Iowa, 88, 120 N. W. 90; *Teasdale* v. *New York Ins. Co.,* 163 Iowa, 596, 145 N. W. 284.)

MR. COMMISSIONER FELT prepared the opinion for the court.

This action was brought by the plaintiff to recover from the defendant the amount due on a policy of hail insurance for losses alleged to have been sustained by reason of two separate hailstorms occurring on August 2 and August 11, 1920, respectively. Trial was had to a jury. The verdict

was for the plaintiff, and the court rendered judgment thereon. The defendant moved the court for a new trial, which motion was overruled. The appeal is from the judgment and from the order overruling the motion for a new trial.

The appeal presents three questions for the consideration of this court: (1) Were the allegations of the complaint sufficient to plead and the evidence sufficient to prove that the plaintiff had an insurable interest in the grain? (2) Was the evidence sufficient to prove that plaintiff had given notice of loss? (3) Did the defendant waive the making of proof of loss by the plaintiff as required by the terms of the policy? We will set forth in this opinion only such portions of the pleadings and facts proven as are necessary for a determination of these questions.

The complaint, among other things, alleges: "That during [1] the season of 1920, plaintiff had growing 140 acres of wheat in area in section 11, township 4 north, range 25 east M. P. M., and 67 acres of winter wheat in section 14, township 4 north, range 25 east M. P. M." Before any testimony was offered in the case, the defendant objected to the introduction of any evidence, on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The particular insufficiency claimed is that the portion quoted does not plead an insurable interest. The objection was overruled by the court. This ruling is specified as error. Section 8070, Revised Codes of 1921, provides: "Any interest in property, or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured, is an insurable interest."

The grower of a crop has an interest of such a nature that he would be damnified by a contemplated peril. Furthermore, we think the allegation is sufficient to plead that the plaintiff was the owner of the crop insured. The word "had" is the past participle of "have," and "have" may denote ownership as well as mere possession. The pleading is

by no means a model for concise statement, but is sufficient to withstand the attack made against it. The court properly overruled the objection.

The appellant also urges that the proof of an insurable interest is also insufficient to sustain the verdict and judgment. Nothing more need be said than that the proof is slightly more specific than the allegation of the complaint. The plaintiff testified that he sowed the crop and performed other labor in connection with its production. He frequently refers to it as "my crop." This is sufficient to raise a presumption that he was the owner of the crop, in the absence of proof to the contrary.

The defendant by its answer sets forth a copy of the policy of insurance upon which the plaintiff is seeking to recover. Among its provisions are contained the following: "Within forty-eight hours after the happening of any loss or damage by hail to the crops herein described, claimed by the assured to equal five per cent (5%) or more of the total insurance against hail thereon, as hereinbefore provided, the assured shall send by registered mail to the Continental Insurance Company at Great Falls, Mont., a written notice stating the number of this policy, the day and hour of the hailstorm, the amounts of other insurance against hail, if any, and the probable percentage of damage to the crops on each parcel of land herein described; and this company shall not be liable for any loss or damage, unless such notice thereof is so furnished to this company within said time and no other form or service of notice shall be deemed proper notice within the provisions and meaning of this policy. * * * Within sixty days after the happening of any such loss or damage equaling five per cent. (5%) or over, unless such time be extended in writing by this company, the assured shall furnish to this company a statement in proof of the loss, signed and sworn to, setting forth the number and date of this policy, the location, description, and acreage of the land upon which the crops are situated, a description of the crops

damaged, and the percentage of damage to the crops contained on each parcel of land herein described, and a statement specifically detailing how and in what manner the amount claimed was determined; what, if any, other insurance; also whether crop has suffered previous loss; if so, how much and by whom insured. No denial of liability or other act on the part of this company, or on the part of any agent, adjuster, or other representatives, shall waive or dispense with the furnishing of such sworn statement in proof of loss; and this company shall not be liable under this policy for any loss or damage of which the proof herein required is not furnished to this company within the time herein provided.'' The answer alleges that the plaintiff failed to give notice of loss, and likewise failed to make or give any proof of loss, as required by the portion of the policy herein quoted. The plaintiff in his reply alleged that he had given the notice of loss and that the defendant had waived the requirement as to sworn proof of loss. The appellant urges that the evidence is insufficient to sustain the verdict, in that it fails to prove that the plaintiff gave any notice of loss, and likewise fails to prove that the plaintiff made sworn proof of loss or that the defendant waived either of such requirements.

The plaintiff testified that, on the morning of August 2, 1920, before daylight, his crop was damaged by a hailstorm to the extent of about twenty per cent. On the same day he went to the local agent of the defendant, Mutual State Bank of Broadview, and reported the loss. However, he only claimed fifteen per cent loss. As a result of this interview, the local agent prepared the following notice (omitting immaterial parts):

''Notice of Hail Loss. This notice must be signed by the assured and sent by registered mail within forty-eight hours after loss occurs to Continental Insurance Company, Hail Department, at Great Falls, Mont. Do not telegraph. Broadview, Mt., 8/2 1920. Gentlemen: Crops insured under policy No. 3168 were damaged by hail, which occurred on the 30th

day of July, 1920, at about 7 o'clock P. M., as follows: 15%—140 acres of Wht on Sec. 11, T. 4, R. 25. * * * There is other insurance on said crops as follows: No. ——. Insurance company, ——. Amount, ——. My P. O. address is Broadview. Nearest R. R. station same. Land is located 14½ miles E. of said station."

This notice was signed by the plaintiff and mailed to the defendant by registered letter on August 2. Since the notice recites that the loss occurred on July 30 at 7 P. M., the appellant contends that it was no notice of a loss occurring on August 2. There might be some force to the contention, were it not for the fact that the notice was prepared by the agent of the defendant, after the plaintiff had reported the facts. He had a right to assume that the notice was pre-pared in accordance with the data he had furnished. The plaintiff testified that there was no hail in his locality on July 30 or at any other time in July. On August 11, at about 12 o'clock M., another hail storm caused additional fifteen per cent loss to a portion of his crop. For the pur-pose of giving the required notice of loss, he went to the Mutual State Bank of Broadview on the 12th, where a notice similar to the one mailed on August 2, with such slight changes as the facts necessitated, was prepared in the same manner as before. This he signed, inclosed in an envelope properly addressed, and mailed to the defendant by registered mail. The registry receipt of the postmaster and the registry return receipt, showing delivery on August 14, were offered and received in evidence. Demand was made on the defend-ant to produce the notice received on August 14. · Counsel for the defendant asserted that it had received none. No explanation was offered by the defendant as to what was received from the plaintiff on August 14. The evidence was sufficient to prove that the plaintiff gave notice of each loss as required by the policy.

In addition to notice of loss, the policy requires the as-
[4]   sured to furnish the company a sworn statement in

proof of loss within sixty days after the happening of any loss. Reference to that part of the policy quoted will reveal the fact that the sworn statement was required to specifically detail various matters not required in the notice of loss. No such statement as to either loss was furnished to the company. The plaintiff cannot recover, unless the company in some manner waived this requirement. A brief statement of the facts upon which the plaintiff bases his claim of waiver is now necessary.

On the 15th or 16th of August, W. E. Pierce, who was sent by the company to adjust the first loss, called upon the plaintiff. He was then informed by the plaintiff of the second loss, and stated that, although he had received no notice of that loss, he would adjust both at the same time. He and the plaintiff then made an examination of the crops. As a result of this examination, he testified that he found no hail loss, but about a ten per cent grasshopper loss. However, he made an offer of settlement upon a portion of the crop, as an attempt to compromise. On March 17, 1921, the special agent of defendant wrote to Mutual State Bank of Broadview, in which the report of Mr. Pierce on trying to settle this loss is referred to. In this letter the company expresses a willingness to settle upon that basis in order to avoid litigation, but specifically denies that there was any loss. Some time in September, 1920, W. J. Moe, another adjuster, called upon the plaintiff in an endeavor to settle this hail loss, which he said was still in suspense. He made the plaintiff an offer of five per cent in settlement of his claim. This offer was refused as the offer made by Mr. Pierce had been. He testified that he told the plaintiff: "I want you to understand that the policy requires you to do certain things as the insured, and I have no right to excuse you from doing these things." At no time was the plaintiff informed specifically by the company or by any of its representatives that it required him to furnish any sworn statement in proof of loss.

The trial court permitted the plaintiff to recover under the theory that this evidence was sufficient to show waiver on the part of the company as to the sworn statement in proof of loss required by the policy. The appellant calls attention to the provision of the policy that acts such as were proved in this case shall not constitute waiver. In *St. Paul F. & M. Ins. Co.* v. *Mittendorf,* 24 Okl. 651, 28 L. R. A. (n. s.) 651, 104 Pac. 354, it was held that even a stipulation such as this was one made for the benefit of the insurer which could be and was waived.

Our statute with reference to this subject provides: "All defects in a notice of loss, or in preliminary proofs thereof, which the insured might remedy, and which the insurer omits to specify to him, without unnecessary delay, as grounds of objection are waived." (Sec. 8144, Rev. Codes, 1921.) "Delay in the presentation to an insurer of notice or proof of loss is waived, if caused by any act of his, or if he omits to make objection promptly and specifically upon that ground." (*Id.,* sec. 8145.) In *Reeves* v. *National Fire Ins. Co.,* 41 S. D. 341, 4 A. L. R. 1293, 170 N. W. 575, construing a statute identical with ours and with a similar provision in the policy, it is said: "These sections were as much a part of the policy of insurance as though written therein, and are controlling wherein their provisions conflict with those actually contained in the policy."

In *Teasdale* v. *New York Ins. Co.,* 163 Iowa, 596, Ann. Cas. 1916A, 591, 145 N. W. 284, in speaking of the defense that no proof of loss was furnished as required by the policy, it is said: "It is a defense which does not appeal to the favor of courts, and a forfeiture so claimed will not be enforced if there be any reasonable ground on which to find that the condition has been waived."

In *Snell* v. *North British & Merc. Ins. Co.,* 61 Mont. 547, 203 Pac. 521, this court held that the company had waived the proof of loss required by the policy by placing the claim in the hands of an adjuster for settlement: The authorities

generally hold that, where the insurance company, pursuant to a notice of loss, enters into a negotiation with the insured looking to a settlement, and the negotiations fail through an inability to agree as to the amount of the loss, the insurer waives the right to demand formal proofs of loss stipulated for in the policy, unless the insurer make objection promptly and specifically upon that ground. (See cases cited in the note in Ann. Cas. 1916A, 594.) This rule is particularly applicable under our statute. The evidence in this case was sufficient to prove waiver by the defendant.

Objection was made to plaintiff's instruction No. 3, given [5] as court's instruction No. 6. Apparently this instruction was given under the theory that the defendant had waived the requirement as to proof of loss by its silence after receiving the notice of loss. This court has held, in *Da Rin* v. *Casualty Co. of America*, 41 Mont. 175, 137 Am. St. Rep. 709, 27 L. R. A. 1164, 108 Pac. 649, that where a mere notice of loss is sent to the insurer, no duty rests upon the insurer to demand the affirmative proof required by the policy, and that mere silence did not constitute a waiver. In the same case it is held that the silence of the insurer is a waiver of his right to object to the sufficiency of the proof of loss, when the insured attempts to incorporate the notice and proof of loss in the same instrument, and complies with all of the requirements of the policy, except that some of the facts are not as fully and explicitly set forth as they might be. The plaintiff has not met that requirement in the present case. The notice of loss, although it contained much of the same information required by the policy in the sworn proof of loss, was absolutely silent as to several matters required, and was not sworn to. It was headed "Notice of Loss," and was obviously only an attempt to comply with the requirement as to notice. As a proof of loss it was not sufficient to make the silence of the insurer constitute a waiver of the requirement of the policy in that respect. If the plaintiff were left to that theory he could not recover in this case. The in-

struction was erroneous under the facts proven. However, the undisputed facts in the case show a waiver on the part of the company, as a matter of law, by their conduct in attempting to negotiate a settlement. That being the case, the defendant was not prejudiced by the erroneous instruction. The only issue which the jury had to determine was whether or not there had been a hail loss and the extent of it.

We therefore recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*