MORRISON, Respondent, v. CONCORDIA FIRE INSUR-
    ANCE CO., Appellant, and MORRISON et al., Re-
    spondents, v. RELIANCE INSURANCE CO., Appellant.

(Consolidated.)

(No. 5,580.)

(Submitted December 8, 1924. Decided December 19, 1924.)

[231 Pac. 905.]

*Fire Insurance—Proofs of Loss—Waiver—Pleadings—Amend-
    ments—Complaint—Duplicity—Election of Remedies—Evi-
    dence—Order of Proof—Discretion.*

Fire Insurance—Complaint—Duplicity—Raised by Special Demurrer—
    Effect on Cause of Action.
    1.  Complaint in an action on a fire insurance policy alleging that
    proof of loss had been furnished and in the same count attempt-
    ing ineffectually to aver that the company had waived proof of
    loss, was subject to special (not general) demurrer for duplicity,
    but the cause of action stated by the first allegation was not de-
    stroyed by the second.

Causes of Action—Effect of Order Requiring Plaintiff to Elect.
    2.  The effect of the ruling of the trial court requiring plaintiff
    to elect upon which of two conflicting allegations in the com-
    plaint he would rely was to eliminate the other allegation to the
    same extent as if it had been ordered stricken, and therefore
    appellant was not prejudiced by an order overruling a demurrer
    to the complaint.

Amendment of Complaint During Trial—Discretion.
    3.  Application to amend a pleading at any stage of the trial is
    addressed to the sound legal discretion of the court, reviewable
    only for an abuse thereof; however, allowance of the amendment
    is the rule and denial the exception.

Same—Failure to Ask for Continuance Bars Defendant from Claiming
    Surprise.
    4.  Where plaintiff was permitted to amend his complaint during
    trial, defendant's failure to ask for a continuance deprives him of
    the right to complain on appeal that he was taken by surprise
    or placed at a disadvantage in making his defense.

Same—Original Pleading Superseded.
    5.  Where the complaint was amended in the course of trial, the
    original pleading was superseded by the amended one, and on
    appeal the integrity of the judgment must be determined by
    reference to the pleading as amended.

3.  Amendments during trial, see note in 5 Ann. Cas. 674.

Trial—Order of Proof—Discretion.
   6.  The order of proof is a matter largely in the discretion of the trial court, and where defendant was not injured by the admission of testimony before it was rendered admissible by an amendment of the complaint, the error in admitting it prior to amendment was harmless.

Fire Insurance—Defective Proofs of Loss—Waiver.
   7.  Under sections 8144 and 8145, Revised Codes, defects in proofs of loss sustained by fire may be waived, and were waived by an adjuster of defendant insurance company by advising plaintiff that the proofs exhibited to him, after certain amendments made, were "all right."

Witnesses—Credibility—Question for Jury.
   8.  The credibility of witnesses and the weight to be given their testimony are questions for the jury's determination.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

SEPARATE ACTIONS by Elizabeth A. Morrison against the Concordia Fire Insurance Company of Milwaukee, and by Elizabeth A. Morrison and another against the Reliance Insurance Company of Philadelphia, consolidated for trial. Judgment for plaintiff in each case and defendants appeal. Affirmed.

*Messrs. Toole & Toole, Mr. T. J. Davis* and *Mr. W. H. Neidig,* for Appellants, submitted a brief; *Mr. Bryce Toole* argued the cause orally.

*Mr. C. S. Wagner* and *Mr. N. A. Rotering,* for Respondents, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Elizabeth A. Morrison, the owner and holder of two policies issued by the Reliance Insurance Company, insuring a building belonging to her against loss by fire, instituted an action to recover the amount of the two policies. She also commenced an action against the Concordia Fire Insurance Company to re-

---

8.  Credibility of witnesses, see note in 86 **Am. Dec.** 328.

cover upon a third policy which insured the furniture in the same building. Later it developed that Nora Curran owned an interest in the building and in the insurance thereon, and she was joined as a party plaintiff in the first action. The two causes were consolidated for trial, and a judgment for the amount demanded was recovered in each, and in each case the defendant appealed.

The two complaints contain substantially the same allegations; the same defense was interposed in each case, and the same questions are raised on each appeal. A determination of one disposes of the other, and, for convenience, reference will be made to the record in the action against the Concordia Company.

To the complaint as originally drawn, the defendant interposed a demurrer, general and special, and error is predicated upon the order overruling it.

The complaint contained an allegation that proof of loss was [1] furnished within the time required by the policy, and in the same count there was an allegation that the insurance company waived proof of loss. It is contended that these conflicting allegations rendered the complaint subject to a general demurrer, but with that contention we do not agree. The complaint stated a cause of action upon the theory of substantial compliance with the policy provision requiring proof of loss, and the fact that the plaintiff attempted to plead waiver, but failed in the attempt, did not destroy the cause of action already stated on the other theory. (*Mills* v. *Barney*, 22 Cal. 240.) The complaint was subject to demurrer for duplicity. (*Schwindt* v. *Lane Potter Lumber Co.*, 40 Mont. 537, 135 Am. St. Rep. 639, 107 Pac. 818.) But it is elementary that the objection cannot be reached by a general demurrer; it can be raised only by a special demurrer which points out that particular defect. (Sec. 9132, Rev. Codes; 21 R. C. L. 524; Bliss on Code Pleading, 3d ed., sec. 288.)

The only ground of special demurrer was: ''That said complaint is indefinite and uncertain and unintelligible in this,

that it cannot be ascertained therefrom what were the terms
and provisions of the so-called and alleged standard policy
of insurance, referred to by plaintiff, nor what were the
conditions thereof.'' That this does not raise the question of
[2]  duplicity is self-evident. But defendant was not preju-
diced in any event; for the court required plaintiff to elect
upon which theory she would proceed, and she elected to
proceed upon the theory of waiver. Although in point of
fact the allegation that proof of loss had been furnished re-
mained in the complaint, in legal effect the election eliminated
it as effectively as though it had been stricken from the plead-
ing, and with that allegation withdrawn from further con-
sideration, the complaint was not longer open to the attack
made upon it.

During the progress of the trial the court permitted the
[3]  complaint to be amended, and error is predicated upon the
ruling. The complaint, as originally drawn, contained the
bald statement that the defendant had waived the requirement
that proof of loss be furnished. By the amendment the facts
constituting the waiver were set forth fully. While an appli-
cation to amend a pleading at any stage of the proceedings
is addressed to the sound legal discretion of the trial court,
to allow the amendment is the rule, to deny it is the exception
(*Leggat* v. *Palmer,* 39 Mont. 302, 102 Pac. 327; *Flaherty* v.
*Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac 40), and an
order granting or refusing an amendment is subject to review
only for an abuse of discretion (*De Celles* v. *Casey,* 48 Mont.
[4]  568, 139 Pac. 586). Not only is there an entire absence
of any showing of abuse of discretion, but defendant is not in
a position to say that it was taken by surprise or placed at a
disadvantage in making its defense, for it failed to ask for a
continuance. (*Sandeen* v. *Russell Lumber Co.,* 45 Mont. 273,
122 Pac. 913; *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601.)

When the complaint was amended to state a cause of action
[5]  upon the theory of waiver, it superseded the original
complaint, and it is by reference to the amended pleading that

the integrity of the judgment is to be determined. (*De Celles* v. *Casey,* above.)

Complaint is made of the ruling of the court in refusing to [6] strike from the evidence two exhibits—proofs of loss furnished by the plaintiff to the defendant company. It is contended that they were inadmissible for any purpose, and it may be conceded that each one fails to furnish much of the information required by the policy; indeed, in neither instance was there a technical nor a substantial compliance with the policy requirements. But each one does furnish some evidence of loss, and each one was presented to and retained by the insurance company. It was with respect to these exhibits that the further negotiations were had, and they were admissible as furnishing the foundation for the additional evidence in support of the plea of waiver. Viewed from a purely technical standpoint, it may be said that they should not have been admitted at the time they were first offered, that is, before the complaint was amended, but they were admissible after the amendment was made, and the error, if such it can be called, was harmless. The order of proof is a matter largely within the discretion of the trial court (*Noyes* v. *Clifford,* 37 Mont. 138, 94 Pac. 842; *Schauer* v. *Morgan,* 67 Mont. 455, 216 Pac. 347) ; and it is worthy of note that the additional evidence in support of the plea of waiver was introduced before the motion to strike was made.

The sufficiency of the evidence was raised by a motion for nonsuit, a motion for a directed verdict and a motion for a new trial. Each of these motions was overruled and error is assigned, but upon the assignment the only serious contention made is that the evidence fails to prove waiver.

It is settled beyond controversy in this state that compliance [7] with the policy provision that proof of loss shall be furnished may be waived. (*Pasherstnik* v. *Insurance Co.,* 67 Mont. 19, 214 Pac. 603.) Sections 8144 and 8145, Revised Codes, provide:

"Sec. 8144.   All defects in a notice of loss, or in preliminary proofs thereof, which the insured might remedy, and which the insurer omits to specify to him, without unnecessary delay, as grounds of objection, are waived.

"Sec. 8145.   Delay in the presentation to an insurer of notice or proof of loss is waived, if caused by any act of his, or if he omits to make objection promptly and specifically upon that ground."

Stated briefly, the plaintiff testified in effect that within sixty days after the loss occurred she delivered these exhibits (proofs of loss) to the adjuster for the companies; that she was advised later that the proofs should have been verified; that she went to the adjuster to get them for the purpose of verifying them; that the adjuster said "it wasn't hardly necessary," but gave them over; that she then verified them and redelivered them to the adjuster; that the adjuster told her the proof of loss respecting the furniture "was all right, made in good form," but that he wanted an estimate of the materials in the building; that she procured such estimate to be prepared by a carpenter and delivered it to the adjuster; that the adjuster said "that everything was all right; the proofs were all right." Again plaintiff testified that in a later conversation the adjuster said: "If I would take the price down low enough to make it satisfactory to them they would settle. I asked him if he needed any further proofs, if my proofs were all right. He said: 'Well, there is so much red tape connected with insurance policies and papers, as a rule, that it is worthless, but that the proofs were all right. It wasn't a question of proofs; it was a question of the amount I wanted to settle for.'"

Most of these statements, if not all of them, were disputed by the adjuster, and there are some apparent inconsistencies in the plaintiff's testimony; but it cannot be said that her story is so entirely improbable that no reasonable person would [8] be justified in believing it. The credibility of the witnesses and the weight to be given to their testimony were

questions to be solved by the jury, and with their findings we do not feel called upon to interfere. If the jury believed the plaintiff, then there is ample evidence to support the theory of waiver, and that they did accept her story as true is confirmed by the general verdict in her favor.

The judgment in each case is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.