784

No. 5874.

Circuit Court of Appeals, Fifth Circuit.
Feb. 13, 1931.

C. Edmund Worth, of Tampa, Fla., for appellants.

John B. Sutton and H. C. Tillman, both of Tampa, Fla., for appellee.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

FOSTER, Circuit Judge.

This is a suit by appellants to recover on a policy of fire insurance covering furniture and household effects to the extent of $5,000. Demurrers to the declaration and various pleas of the defendant were sustained and the suit was dismissed. The issues raised by the pleadings are these:

Defendant relies upon a clause of the policy requiring sworn proof of loss to be presented within 60 days after the fire unless waived in writing, which condition was not performed.

Plaintiff sets up waiver by conduct and alleges inter alia, in substance, the following facts: That the fire occurred on September 25, 1926, and on the same day verbal notice of the loss was given to J. R. Reese, agent of defendant, who had authority to receive premiums and to countersign and issue policies; that Reese notified defendant, and one R. D. Bowers, an adjuster, was sent to investigate and negotiate for an adjustment and settlement of the loss; that Bowers investigated the fire and caused plaintiff (Mrs. Daniel) to appear before him on September 29, 1926, and she answered all questions propounded to her; that Bowers demanded a complete inventory of the property covered by the policy at the time of the loss; that on inquiry she was advised by Bowers that there was nothing further to do except to await the completion of his investigation; that within 60 days after the fire she served upon Bowers a complete and exact inventory in writing of the property covered by the policy, which inventory was retained by him without objection and has never been returned and no additions thereto have ever been demanded; that Bowers proceeded with his investigation of the claim, attempted to adjust it with plaintiff, and offered to recommend a partial payment, without raising any question as to the sufficiency of the proof of loss submitted; that plaintiff within 60 days after the fire, and subsequently, again inquired whether there was anything further required of her, and was told by Bowers again that all that was necessary for her to do was to wait until the defendant could complete its investigation and decide as to what it would do; that during the said period on numerous occasions she inquired of Reese as to when her claim would be paid and was advised by him that he saw no reason why it should not be paid and that it would be paid in the very near future; that thereafter, upon plaintiff's threatening suit, on April 20, 1927, defendant, through Bowers, advised plaintiff that as far as they knew no proof of loss had ever been filed and that consequently they had never been in a position to determine whether or not a valid claim ever had existed; that thereupon plaintiff, as soon as she could collect the data, prepared a formal

proof of loss complying in detail with all the requirements of the policy, and delivered same to defendant's agent, Reese, on May 24, 1927; that Reese accepted the formal proof without objection; that defendant retained the formal proof for 22 days without objection and on June 15, 1927, returned it by registered mail to plaintiff without any specific objection as to the time of filing same, but stated that it could not accept it in compliance with the terms of the policy; that defendant had issued three other policies on the building and garage owned by plaintiff and destroyed by the same fire, which policies contained similar provisions as to giving notice and furnishing proofs of loss; that there were no formal proofs of loss furnished and no waivers in writing; that notwithstanding that fact defendant paid the full face value of each of the said three policies.

Appellee relied principally upon our decision in the case of Harris v. North British & Mercantile Ins. Co., 30 F.(2d) 94, and authorities therein cited. That case is easily distinguishable, as it is pointed out in the opinion that no question of waiver or estoppel was involved.

■■ The rule applicable to the facts alleged in the declaration is stated by Cooley as follows:

"If the company investigates the loss on its own account, and so conducts itself with relation thereto as to show a satisfaction with the knowledge thus obtained, or to induce reasonable belief in insured that it is so satisfied, and does not desire formal notice or proofs, it will amount to a waiver of such formalities." Cooley's Briefs on Insurance, vol. 7, (2d Ed.) p. 6010.

There is abundant authority, both state and federal, to support the rule thus announced. Nat. Union Fire Ins. Co. v. Wright, 163 Ark. 42, 257 S. W. 753; Pasherstnik v. Cont. Ins. Co., 67 Mont. 19, 214 P. 603; Hitchcock v. State Ins. Co., 10 S. D. 271, 72 N. W. 898; Gristock v. Royal Ins. Co., 84 Mich. 161, 47 N. W. 549; Snell v. North British Ins. Co., 61 Mont. 547, 203 P. 521; Alliance Ins. Co. v. Enders (C. C. A.) 293 F. 485; Sweaney v. Ins. Co., 35 Idaho, 303, 206 P. 178; Zurich Gen. Acc. Ins. Co. v. Drug Co. (Ind. App.) 170 N. E. 351; Firemen's Ins. Co. v. Brooks (C. C. A.) 32 F.(2d) 451, 65 A. L. R. 909; Concordia Ins. Co. v. School Dist. (C. C. A.) 40 F.(2d) 379; Continental Ins. Co. v. Fortner (C. C. A.) 25 F.(2d) 398; Twin City Ins. Co. v. Nat. Bk. (C. C. A.) 261 F. 470; Home Ins.

Co. v. Hightower (C. C. A.) 22 F.(2d) 882, 62 A. L. R. 620.

We think that the allegations of the declaration, if sustained by proof, are sufficient to allow plaintiff to go to the jury and that it was error to dismiss the case.

Reversed and remanded.