WILLIAM MERCANTILE COMPANY, APPELLANT, *v.* FUSSY, RESPONDENT.

[Submitted October 3, 1893. Decided October, 9, 1893.]

NONSUIT—*Appeal.*—Error in nonsuit may be reviewed by a statement on appeal. (*McKay* v. *Montana Union Ry. Co., ante,* p. 15, cited.

APPEAL—*Jurisdiction to settle statements.*—The filing of a notice and undertaking on appeal stays the proceedings of the trial court upon the judgment or order appealed from, but does not divest the court of power to settle and certify such statements as are required to present matters of law or fact to the appellate court.

VOL. XIII.—26

*Appeal from Fourth Judicial District, Missoula County.*

On motion to strike from the transcript the statement on appeal. Motion denied.

*Duis & Crouch,* and *Thomas H. Carter,* for Appellant.

*Bickford, Stiff & Hershey,* for Respondent.

HARWOOD, J.—The present consideration in this case re-lates to a motion interposed by respondent's counsel to elim-inate from the record the statement on appeal on the grounds: 1. That no motion for new trial was made in the court below by appellant; and 2. That the statement on appeal was settled and certified by the judge of the trial court after the notice of appeal had been served, and such notice with undertaking on appeal had been filed. The action was brought to enforce payment of an alleged debt. At the trial, when plaintiff rested in the introduction of testimony, defendant moved the court for nonsuit, on the ground that sufficient proof had not been offered by plaintiff to sustain the material allegations of his complaint, which motion, after argument and consideration by the court was granted, and judgment entered accordingly in favor of defendant for his costs. From that judgment plaintiff appealed. The record filed in this court contains portions of the judgment-roll pertinent to the review desired, and also a statement on appeal containing the motion for non-suit, a statement of the evidence offered by plaintiff, and speci-fications of alleged error of the trial court in sustaining defendant's motion for nonsuit.

1. The first point urged by respondent's counsel as ground for striking out the statement on appeal implies that a review of an order granting a motion for nonsuit can only be had after motion for new trial has been presented to the trial court, and an appeal taken from the ruling thereon. We cannot sustain this objection. No cases are cited by respondent in support thereof, and this court has had occasion heretofore to examine the same question of practice, and find the authorities contrary to the contention of respondent. (*McKay* v. *Montana Union Ry. Co., ante,* p. 15.)

2. Nor do we find reason or authority for sustaining the second proposition urged by respondent—that the statement on appeal should be stricken from the record because the judge of the trial court certified and settled it after the notice and undertaking on appeal had been served and filed. Respondent's counsel contend that thereby the trial court lost jurisdiction of the case, and therefore the act of settling and certifying the statement on appeal was void. Where proper undertaking on appeal to stay proceedings has been given, the appeal stays proceedings of the trial court "upon the judgment or order appealed from" (Code Civ. Proc., § 428); but does not divest the trial court of power to settle and certify such statements as are provided in the law of practice to present the matters of law and fact to the appellate court for review, provided, of course, that the same are prepared, settled, and certified within the time prescribed by law. (*Territory* v. *Fallis*, 2 Mont. 236; *Flynn* v. *Cottle*, 47 Cal. 526; *The Latona* v. *McAllep*, 3 Wash. (Ter.) 332.)

Therefore, an order will be entered overruling respondent's motion herein.

*Motion overruled.*

DE WITT, J., concurs. PEMBERTON, C. J., being absent, did not pass upon these questions.