SLACK, RESPONDENT, v. D. E. BROWN, APPELLANT.

(No. 4,444.)

(Submitted September 17, 1921. Decided October 10, 1921.)

[201 Pac. 565.]

*Sales—Breach of Contract—Nonsuit—Failure to Stand upon Motion—Appeal and Error—Waiver.*

Appeal and Error—Preliminary Motions—Rules of Court—Failure to Object—Waiver.

　1.　Where preliminary motions and technical objections which should have been raised and settled in advance of the trial under the rules of court were not made by defendant until the commencement of the taking of the testimony on the day of trial, they will on appeal be treated as waived.

Nonsuit—Failure to Stand upon Motion—Waiver.

　2.　Where, instead of standing upon his motion for nonsuit made at the close of plaintiff's case on the ground of failure of proof, defendant in his cross-examination of plaintiff on rebuttal supplied the defect, he was in no position to predicate error on the refusal of the motion.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by H. I. Slack against D. E. Brown. Judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Messrs. Belden & De Kalb,* for Appellant, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.

*Messrs. Blackford & Huntoon,* for Respondent, submitted a brief; *Mr. J. C. Huntoon* argued the cause orally.

MR. COMMISSIONER JACKSON prepared the opinion for the court.

Complaint by Slack on written contract, later amended to include *quantum meruit* for sale to Brown of 10,000 bushels

No. 2 hard Montana wheat, at contract price and reasonable value of ninety cents per bushel.

Performance by plaintiff under the contract and that no payment had been made by defendant, although demanded, save the sum of $2,500 paid prior to any delivery, alleged.

Defendant denied performance by plaintiff and alleged affirmative defenses to the effect that $2,500 had been paid by defendant on the contract, contemporaneously with its execution and delivery; that the demand for its return had been refused; that, although he had ordered plaintiff to perform his contract, it was not done; that defendant suffered damages in the sum of $1,000 because of nonperformance by the plaintiff.

The reply denies the affirmative matters of the amended answer and sets up as further reply the entire transaction in detail, pleading estoppel as to 8,223–30 bushels.

A jury trial was had, the jury returning special findings of fact to the effect that plaintiff delivered the grain mentioned in his complaint under the contract, and that the defendant or his agent received the grain so delivered, and by acts, words or silence led the plaintiff to believe it was being accepted under the contract. There was also returned a general verdict for practically the entire amount demanded. From the order denying a new trial defendant appeals.

Many preliminary motions and technical objections which [1] should have been raised and settled in advance of the trial were made by defendant before the taking of the testimony, on the day of the trial, that will receive no consideration here. They were in violation of the rules of court, and the complained of defects were waived by the acquiescence of the defendant.

The testimony as a whole sustaining plaintiff's contention showed: That on August 12, 1915, the parties entered into the written agreement. That $2,500 was paid to plaintiff by defendant on the contract before any delivery. That prior to

signing the contract the parties made an investigation of the fields from which the wheat was to be cut to see if the grain was in condition to harvest and market. That defendant shelled and tried the grain, and both thought it fit to cut on August 15. That on that day, after two loads had been gathered in, Brown and plaintiff concluded it was too soft and green to harvest and postponed harvesting for three days. That on August 15, 18, and 19, 2,020 bushels gross were delivered at the elevator of the defendant, in twelve loads, tickets for three of which were marked "green," "soft and green," "establishing no grade, smut," all of the other tickets for all of the grain delivered being without grade mark. That plaintiff, on receiving the ticket marked "soft and green," went to the elevator and interrogated Watts, defendant's agent, as to its meaning. He replied: "I don't know. That is the order of the boss." That thereupon plaintiff decided to wait until the grain was in the shock before further delivery. That on August 23 defendant authorized the following communication to plaintiff:

"NOTICE:

"To Henry I. Slack, Acushnet, Montana.

"You are hereby notified to complete your contract with David Brown, wherein you agreed to deliver ten thousand bushels of 2 hard Montana wheat at his elevator at Acushnet, Montana. And you are further notified that unless you complete the conditions of the said contract, executed and delivered on the 12th day of August, 1915, we will take such proceedings as we deem necessary, in the courts, with the state grain inspection department, and with the railroad over which you may attempt to ship your wheat so contracted for by David E. Brown."

"Dated August 23, 1915.

"JOHN JACOB JEWELL,
"Attorney for David E. Brown."

[61 Mont. 99.]

That on September 30, 1915, defendant wrote his agent, Watts, as follows:

"Referring to Slack's deal, use good tactics. Talk kindly but profound. 1. First point, convey this idea. If he can't deliver grain of contract he may demand to pay contract price. 2. Shape him to make best out of it. You can pay list for enough to settle bill. His wheat must be a three at least get one and one-half pounds dockage. Use another theory. You can take ten thousand bushels, 3 H. at a 2 H. list price. If he would consent to this, then issue new contract and destroy old one. The list must absolutely demonstrate price upon day of transaction, and notify me at once. Deeply insist on one and one-half pounds dockage, so long as you taking a 3 H. at a 2 H. price. Divide your twenty-five hundred dollars by the list price. Upon day of settlement be sure your list is in for that day. Then add your dockage, that will give gross bushels. List to-day is seventy-four cents, twenty-five hundred divided by seventy-four cents equals the result of the division, will be net bushels, then add your dockage which should be one and one-half pounds, for shrinkage, and allowing one grade.

"D. E. BROWN."

That the balance of the grain was delivered October 11 to 15, inclusive; that all the grain delivered under the contract was No. 2 hard Montana wheat; that defendant had, without objection, received all of the wheat and sold the same, after mixing it with other wheat, as No. 3 hard Montana, without consulting the plaintiff.

In spite of the pleaded estoppel the court permitted testimony for defendant to show that the wheat was of a lower grade than that demanded by the contract, and properly, under suitable instructions, put the matter into the hands of the jury to determine as a matter of fact if defendant was estopped.

At the close of plaintiff's case defendant moved for a non-[2]  suit, the material ground of which was failure of proof. It is true that under plaintiff's case in chief the only evidence

bearing on the performance of the contract as to the grade of the grain was that the wheat was delivered on contract and "to fulfill the terms of my agreement with Mr. Brown." But defendant cured this defect himself, if it was a defect, by supplying the missing evidence in cross-examination of the plaintiff when called on rebuttal, as follows: "I don't know whether Mr. Watts said he had any authority to accept anything less than No. 2. I don't know whether he said anything about that or not, but of course that was what my contract called for, what I was delivering No. 2. That is what I was supposed to deliver, No. 2. I didn't expect Mr. Brown to take anything short of No. 2." Had defendant confidence in his motion for nonsuit, he would and should have stood on it. But he proceeded with the defense and certainly cannot predicate error when he himself made a record by his cross-examination of the very matter he contended was not in evidence.

This court has passed on the peril of proceeding after such a motion in *Pure Oil Co.* v. *Chicago, M. & St. P. Ry. Co.*, 56 Mont. 266, 185 Pac. 150; *Melzner* v. *Chicago, M. & St. P. Ry. Co.*, 51 Mont. 487, 153 Pac. 1019; *Yergy* v. *Helena Light & Ry. Co.*, 39 Mont. 213, 18 Ann. Cas. 1201, 102 Pac. 310.

There are many assignments of error, some of which are based on the motions and objections had on the day of the trial, and prior to the taking of testimony. The others are based on the instructions given by the court. There is no merit to any of them. The case was fairly tried, and the jury properly found for plaintiff on the contract.

For the reasons herein stated, we recommend that the order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the order appealed from is affirmed.

*Affirmed.*

Rehearing denied November 7, 1921.