AMES, RESPONDENT, v. MINNEAPOLIS FIRE & MARINE
INSURANCE CO., APPELLANT.

(No. 5,322.)

(Submitted November 15, 1923.   Decided December 4, 1923.)

[220 Pac. 747.]

*Hail Insurance—Proof of Loss—Waiver of Provision of Policy
by Acts of Agent—Complaint—Evidence—Burden of Proof.*

Hail Insurance—Amount of Loss—Complaint—Sufficiency.
    1.  In an action to recover on a policy of hail insurance the complaint, alleging that defendant had insured plaintiff's crop of wheat growing on 160 acres of land for $12 per acre, or a total of $1,920, that the crop was destroyed fifty per cent and that he had been damaged in the sum of $960, was sufficient as against the objection that it did not disclose that the crop had been damaged in any specific sum.

Trial—Burden of Proof—When Slight Evidence Sufficient.
    2.  Where defendant does not offer any evidence to controvert that of plaintiff on any issue, slight evidence suffices to satisfy the requirements of the burden of proof rule.

Hail Insurance — Proof of Loss — Waiver — Representative Capacity of Agent—Burden of Proof—Evidence—Sufficiency.
    3.  Under the above rule (par. 2) plaintiff's testimony that an adjuster (naming him) had been sent to him by defendant company to adjust his loss was sufficient, in the absence of countervailing evidence, to entitle it to go to the jury on the issue whether the adjuster in making certain declarations relied upon by plaintiff as a waiver of the provision in the policy requiring proof of loss within a given time, was acting in his representative capacity.

Same—Proof of Loss—Waiver by Acts of Agent.
    4.  Notwithstanding a clause in a hail insurance policy that defendant company's agents had not the power to orally waive any of its provisions, they may, under section 8145, Revised Codes of 1921, be held to have waived a provision therein for proof of loss by failing to promptly advise the insured, in their negotiations for settlement, that delay in payment of the loss was caused by absence of proof of loss or that the company would rely upon his omission to make the necessary proof.

*Appeal from District Court, Musselshell County; Geo. A. Horkan, Judge.*

    1.  Application and construction of hail insurance policy, see notes in Ann. Cas. 1015A, 674; Ann. Cas. 1917D, 81; 4 A. L. R. 1298; 7 A. L. R. 373; L. R. A. 1915B, 1094.

ACTION by Bert Ames against the Minneapolis Fire & Marine Insurance Company. Judgment for plaintiff and defendant appeals.    Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Snyder, Gale & Richards,* of the Bar of Minneapolis, Minnesota, and *Mr. Thomas J. Mathews,* for Appellant.

In *Collins* v. *Metropolitan Life Ins. Co.,* 32 Mont. 329, 341, 108 Am. St. Rep. 578, 80 Pac. 609, 1092, and in *Tuttle* v. *Pacific Mutual Life Ins. Co.,* 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993, this court held that a policy provision similar to that contained in the policy in the instant case was valid and binding upon the assured.    The principle of the *Collins* and *Tuttle Cases* finds support in a number of other jurisdictions cited in the recent Georgia case of *Folds* v. *Fireman's Fund,* 28 Ga. App. 323, 110 S. E. 924.    In *Snell* v. *North British & Mercantile Ins. Co.,* 61 Mont. 547, 203 Pac. 521, the question involved in the instant case was not raised, namely, the question of the validity of policy limitations upon the powers of an agent to waive policy provisions and requirements.    In the *Snell Case* this court did not have before it the distinction between an act on the part of the principal which might constitute a waiver and the same act on the part of an agent of the principal when the agent's authority with respect to the act is denied by the principal and where the third party dealing with the agent knows, or is presumed to know, that the agent has no authority so to act or to bind the principal.    The holding in the *Snell Case* is that an insurance company may, by its own conduct, mislead the assured into believing that he need not conform to certain policy requirements after loss and thereby in law waive such requirements.    The question of the validity of limitations upon an agent's or adjuster's authority or power was not raised by the defendant and it does not appear that the policy involved in that case contained a provision similar to the provisions contained in the applica-

tion, policy, and "Nonwaiver Agreement" involved in the instant case. In *New York Life Ins. Co.* v. *Fletcher*, 117 U. S. 519, 29 L. Ed. 934, 6 Sup. Ct. Rep. 837 [see, also, Rose's U. S. Notes], the supreme court held that the insured was bound by a limitation on the power of the agent, stated in the application which the assured was required to make and sign. (See, also, 7 Cooley's Briefs on the Law of Insurance, Supplement, p. 923.)

*Messrs. Jeffries & McNaught*, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff instituted this action to recover upon a policy of hail insurance; he prevailed in the lower court, and defendant appealed.

The policy is a standard form which required notice of loss, proof of loss and contained the following provision, and other provisions of like import: "No officer, agent, or other representative of this company shall have the power to waive any provision of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions or conditions no officer, agent, or representative shall have power or be deemed or held to have waived such provisions or conditions until such waiver, if any, shall be written upon or attached hereto."

There is not any conflict in the evidence. Plaintiff gave the required notice of loss but did not furnish proof of loss. He was permitted to recover upon the theory that the policy provision for proof of loss had been waived by the insurance company. Three questions only are argued in appellant's brief:

1. It is urged that the complaint does not disclose "that [1] the insured crop was damaged in any specific sum." It is alleged: That plaintiff and defendant entered into the contract by the terms of which defendant insured plaintiff's

crop of wheat, growing on 160 acres of land, particularly described, against loss or damage by hail to the extent of $12 per acre, or a total of $1,920; "that on the 18th day of June, A. D. 1920, the plaintiff suffered a partial loss of the said crop hereinbefore described and located on the lands set forth herein, being the wheat described in said policy of insurance hereinbefore set forth and insured by the defendant herein, * * * which said loss was occasioned by hail, and which said hail destroyed fifty per cent of the said wheat hereinbefore described, being the wheat insured by defendant against loss by hail." It is then alleged: "That the said hail hereinbefore mentioned which caused the said loss to the said crop of wheat damaged this plaintiff in the sum of nine hundred and sixty dollars ($960)." These recitals demonstrate that this contention is without merit.

2. The acts and declarations upon which plaintiff relied as [2, 3] constituting a waiver of the provision requiring proof of loss were principally the acts and declarations of one Slater, who, plaintiff alleges, was the representative of the insurance company and the adjuster sent by the company to adjust this loss. The general denial clause contained in the answer raised an issue as to Slater's representative capacity, and it is now insisted that the evidence is insufficient to charge the defendant company with responsibility for Slater's conduct.

As prelminary to the introduction of evidence of waiver, the burden was upon plaintiff to prove that Slater was the representative of the defendant company. Without objection plaintiff testified: "An adjuster was sent to me by the company for the purpose of adjusting this loss. That was somewhere around thirty or forty days—I couldn't say—it was not later than six weeks after the loss. The adjuster's name was Slater." While the evidence is somewhat meager, still the existence and extent of Slater's authority were matters peculiarly within the knowledge of defendant. It did not offer any evidence to controvert that produced by plaintiff, and did not even cross-examine the plaintiff as to the source or extent of his informa-

tion concerning Slater's agency. Under such circumstances the rule is well-nigh universal that slight evidence will suffice to satisfy the requirements of the rule and meet the burden which the law imposes. (*Nutting* v. *Kings County El. R. Co.,* 21 App. Div. 72, 47 N. Y. Supp. 327; 2 Jones on Evidence, sec. 181; 16 Cyc. 936; 22 C. J. 81, 82; 2 C. J. 924, note.) The defendant, knowing whether Slater was its agent, failed to speak upon the subject, and every inference warranted by the evidence adduced should be indulged against it. (*Wylde* v. *Northern R. R. Co.,* 53 N. Y. 156.)   We think the evidence was sufficient to go to the jury.

3. It is earnestly insisted, however, that, even though Slater **[4]** was defendant's representative, neither he, nor Pierce, nor Moe (the latter two admittedly defendant's adjusters), nor all of them together, had, or could have authority to waive the provision requiring proof of loss; that the contract of insurance in express terms withheld that authority, and that the plaintiff is bound by the terms of the contract first quoted above.   Numerous authorities are cited in support of this contention, but they are beside the point.   Section 8145, Revised Codes of Montana of 1921, provides: "Delay in the presentation to an insurer of notice or proof of loss is waived, if caused by any act of his or if he omits to make objection promptly and specifically upon that ground."   In plaintiff's negotiations with Slater, Pierce, and Moe there was never a suggestion, so far as the record discloses, that failure to adjust or pay this claim was caused by the absence of proof of loss, or that plaintiff's failure to furnish proof of loss was relied upon by the insurance company.   On the contrary, plaintiff was lulled into a sense of security by the acts and declarations of these agents.   The statute above was intended to prevent just such a fraud as was apparently attempted to be perpetrated in this instance.   Its provisions were read into and formed a part of the contract of insurance, and to whatever extent those provisions conflict with the express provision of the policy, the statute is controlling. (*Reeves* v.

*National Fire Ins. Co.,* 41 S. D. 341, 4 A. L. R. 1293, 170 N. W. 575.)

However, further discussion of this subject is unnecessary. In *Snell* v. *North British & Mercantile Ins. Co.,* 61 Mont. 547, 203 Pac. 521, and *Pasherstnik* v. *Continental Ins. Co.,* 67 Mont. 19, 214 Pac. 603, this court determined the matter adversely to defendant's contention, and it must now be accepted as the rule in this state that, notwithstanding the iron-clad clause above, an insurance company through its proper agents may waive the provision for proof of loss.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.