THE HON. WILLIAM L. HOLLOWAY,
THE HON. ALBERT J. GALEN,
THE HON. ALBERT P. STARK,
THE HON. JOHN A. MATTHEWS,
} Associate Justices.

---

LA BONTE, RESPONDENT, *v.* MUTUAL FIRE & LIGHT-
NING INSURANCE COMPANY OF RICHLAND
COUNTY, APPELLANT.

(No. 5,763.)

(Submitted November 20, 1925. Decided November 30, 1925.)

[241 Pac. 631.]

*Fire Insurance—Proof of Loss—Waiver—Assignment of Pol-
icy—Acceptance Necessary—Appeal and Error—Appeal from
Judgment — Review of Evidence — Parties — Defect — How
Reached—New Trial—Notice of Motion—Service on Adver-
sary—Directed Verdict—When Improper.*

Appeal and Error—Appeal from Judgment—Sufficiency of Evidence—
When Reviewable.
   1. *Held,* as against the contention that on appeal from the judg-
   ment alone the supreme court cannot consider the sufficiency of

75 Mont.—1  (1)

the evidence to support the judgment, that where a motion of nonsuit or a motion for a directed verdict (either of which is in effect a demurrer to the evidence) is overruled, the question of the sufficiency of the evidence to support the judgment is presented on appeal from it.

Parties—When Defect in Parties Plaintiff can be Reached by Answer Only—Waiver.

2. Where it does not appear from the face of the complaint that plaintiff is not the real party in interest, the defect can only be reached by answer and is waived by failure to so plead.

Fire Insurance—Assignment of Policy—Acceptance Necessary.

3. Since in order to constitute an assignment there must be an acceptance of it, where an assignment of a fire insurance policy was not accepted but returned to the assignor, the contention of defendant insurance company that if the judgment against it for loss sustained by plaintiff be permitted to stand, it would be liable to payment of the loss to both plaintiff and the assignor, *held* groundless.

Same—Assignment of Policy After Loss.

4. *Quaere:* Does the clause in a fire insurance policy against assignment without the consent of the insurer prevent an assignment of the claim after loss sustained?

Same—Assignment of Portion of Claim Void—Splitting Causes of Action.

5. An assignment of a portion of a claim for a fire loss to which the insurer does not consent is void as to the insurer, although effective as between the assignor and assignee.

Same—Proof of Loss—Waiver.

6. Failure to furnish proof of a loss by fire as required by the policy bars recovery thereon unless the insurer voluntarily or involuntarily waived the condition, and was waived where the president of a mutual insurance company, after receiving notice of loss, appointed a committee which went to the scene of the fire and did all it would have done under a formal proof of loss duly filed and did not inform the insured that anything further would be required, the claim being rejected for other reasons.

Trial—Directed Verdict—When Improper.

7. Where at the close of all the evidence defendant moves for a directed verdict, it should not be granted if defendant's evidence supplied the deficiencies in that offered by plaintiff.

Waiver—Pleading—When Complaint Deemed Amended to Admit Proof.

8. While it is the general rule that waiver should be pleaded to render evidence thereof admissible, where the party against whom it is asserted sits by and permits evidence of it to be introduced without objection, the complaint will be treated as though it had been amended to admit its introduction.

---

3. Validity of, and what constitutes, assignment of insurance policy, see note in 56 **Am. Dec.** 747.

4. Assignment of fire insurance policy after loss, see note in 3 **Ann. Cas.** 476. See, also, 14 **R. C. L.** 1004.

5. Extent to which assignment of part of demand or fund enforceable, see notes in 2 **Am. St. Rep.** 472; 28 **Am. St. Rep.** 744; **Ann. Cas.** 1912A, 673.

6. Furnishing proofs of loss within prescribed time as condition precedent to action on fire insurance policy, see notes in 15 **Ann. Cas.** 335; **Ann. Cas.** 1912C, 604. See, also, 14 **R. C. L.** 1347.

[75 Mont. 1.]

New Trial—Order Striking Notice of Intention not Reviewable on Appeal from Judgment.
    9.   An order striking a notice of intention to move for a new trial is not reviewable on appeal from the judgment only.

Same—Notice of Motion not Served on Adversary—Striking Motion from Files Proper.
    10.   A party desiring to move for a new trial must, under section 9399, Revised Codes of 1921, serve his notice of motion upon the adverse party within ten days after verdict; if not served within that time it may be stricken from the files.

---

Appeal and Error, 3 **C. J.**, sec. 746, p. 838, n. 40; 4 **C. J.**, sec. 2584, p. 685, n. 24 New; sec. 2683, p. 750, n. 92.
    Assignments, 5 **C. J.**, sec. 60, p. 894, n. 14; sec. 93, p. 932, n. 26.
    Fire Insurance, 26 **C. J.**, sec. 156, p. 133, n. 50; sec. 469, p. 367, n. 45; sec. 499, p. 390, n. 19; sec. 517, p. 403, n. 29; sec. 596, p. 446, n. 24 New; sec. 702, p. 496, n. 56; sec. 718, p. 509, n. 52.
    New Trial, 29 **Cyc.**, p. 936, n. 29; p. 939, n. 57, 59, 59 New Pleading, 31 **Cyc.**, p. 219, n. 96; p. 322, n. 24; p. 737, n. 1.
    Trial, 38 **Cyc.**, p. 1551, n. 59; p. 1565, n. 76; p. 1578, n. 40.

*Appeal from District Court, Richland County; Frank P. Leiper, Judge.*

ACTION by Charles La Bonte against the Mutual Fire & Lightning Insurance Company of Richland County, a corporation. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. C. E. Collett,* for Appellant, submitted a brief, and one in reply to that of Respondent, and argued the cause orally.

The respondent is not the real party in interest.   (26 C. J. 486, sec. 682; *Capital City Ins. Co.* v. *Jones,* 128 Ala. 361, 86 Am. St. Rep. 153, 30 South. 674; *Niagara Fire Ins. Co.* v. *Abell* (Ind. App.), 122 N. E. 667; *Phoenix Ins. Co.* v. *Carnahan,* 63 Ohio, 258, 58 N. E. 805.)

The respondent failed to furnish proof of loss.   The furnishing of proof of loss is a condition precedent which must be complied with to entitle respondent to recover.   (26 C. J. 376, 378, 381; *Careve* v. *Phoenix Ins. Co.,* 67 Mont. 236, 215 Pac. 235; *Tuttle* v. *Pacific Mut. Life Ins. Co.,* 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993.)

There has been no waiver of the requirement as to proof of loss.   (26 C. J. 395, sec. 509; *Snell* v. *North British etc. Ins.*

*Co.,* 61 Mont. 547, 553, 203 Pac. 521; *Aetna Life Ins. Co.* v. *Fitzgerald,* 165 Ind. 317, 112 Am. St. Rep. 232, 6 Ann. Cas. 551, 1 L. R. A. (n. s.) 422, 75 N. E. 262; *State Ins. Co.* v. *School Dist. No. 19,* 66 Kan. 77, 71 Pac. 272; *Fidelity & Casualty Co.* v. *Sanders,* 32 Ind. App. 448, 70 N. E. 167.)

No waiver has been pleaded. (*Snell* v. *North British etc. Ins. Co., supra; Krause* v. *Insurance Co. of North America,* 73 Mont. 169, 235 Pac. 408; *Continental Ins. Co.* v. *Chance,* 48 Okl. 324, 150 Pac. 114.)

*Mr. F. J. Matoushek* and *Mr. L. V. Ketter,* for Respondent, submitted a brief; *Mr. Ketter* argued the cause orally.

"A defense that the plaintiff is not the real party in interest and hence has no right to sue must be specially pleaded in bar." (*Church* v. *Zywert,* 58 Mont. 102, 190 Pac. 291; *Maelzer* v. *Swan,* 75 Kan. 496, 89 Pac. 1037; *Palatine Ins. Co.* v. *Santa Fe M. Co.,* 13 N. M. 241, 82 Pac. 363; *Wakeman* v. *Norton,* 24 Colo. 192, 49 Pac. 283.)

Where there is no statute, by-law or provision of an insurance policy requiring the company to furnish a blank for making formal proof of loss, there is no duty upon it to do so. But that is not the case here. The by-law says that the company will furnish the blank. It is positive and not upon the condition that a request is first made for it. Upon receiving notice of the loss it was its dutw to furnish the blank, and a failure to do so will be held a waiver of the by-law requiring proof of loss. We have been unable to find any case where a court has construed a by-law of this character. We do find the general statement to be that if the insurer promises to furnish blanks, and fails to do so, the want of proofs is waived. (26 C. J., sec. 512.)

If there were any defects or omissions in the statement to which the company objected, it was the duty of its secretary to make it known then to the insured so that he could remedy the statement. This was not done, and under the provisions of the above statute the company waived such defects or omissions. (*Ames* v. *Minneapolis F. & M. Ins. Co.,* 69 Mont. 177, 220 Pac.

747; *Da Rin* v. *Casualty Co. of America,* 41 Mont. 175, 137
Am. St. Rep. 709, 27 L. R. A. (n. s.) 1164, 108 Pac. 649;
*Pasherstnik* v. *Cont. Ins. Co.,* 67 Mont. 19, 214 Pac. 603;
see, also, *Hartford Fire Ins. Co.,* v. *Sullivan,* 74 Okl. 241, 179
Pac. 24.)

"If a company intends to avail itself of the technical
objection that proofs are not filed in time, common, fair-
ness requires that it should refuse to receive them on that
ground, or at least promptly notify the assured of their de-
termination; otherwise the objection should be regarded as
waived." (*Prentice* v. *Knickerbocker L. Ins. Co.,* 77 N. Y.
483, 33 Am. Rep. 651; *Ames* v. *Minneapolis F. & M. Ins. Co.,*
69 Mont. 177, 220 Pac. 747.)

Appellant further argues that it was necessary for respond-
ent to plead a waiver of proof of loss. This is true under
certain circumstances, but not under the facts in this case.
Appellant itself produced the evidence in the case establishing
the waiver; and all the evidence relating thereto was without
objection by the appellant. The rule applicable to this case is
as stated in the case of *Lackman* v. *Simpson,* 46 Mont. 518,
129 Pac. 325.

MR. JUSTICE MATTHEWS delivered the opinion of the
court.

The defendant company has appealed from a judgment
awarding plaintiff the sum of $3,100, with interest from No-
vember 24, 1923, and costs, on a fire loss covered by a policy
of insurance written by defendant company.

It appears from the record that on November 22, 1922,
the defendant, a "mutual" company, operating only in Rich-
land county, in consideration of a membership fee in the com-
pany and an additional premium thereon, issued to plaintiff,
who thereby became a member of the company, a fire policy
on his ranch-house with its contents, and upon his barn, on a
certain quarter-section described, for the term of five years,
the risk being $2,800 on the house, $425 on its contents, and
$400 on the barn; that on November 22, 1923, while such policy

was in full force and effect, the house with all its contents was destroyed by fire, but the barn was not injured.

The policy, which is made a part of the complaint filed herein, made no mention of proof of loss, but provides that the insurance is subject to the provisions of the company's by-laws, which, in so far as they affect the questions here raised. are:

"Section 55. In case of loss or damage by fire or lightning, the insured shall give immediate notice to the secretary, and within five (5) days after such loss or damage deliver to the secretary a particular statement in writing of such loss or damage, signed by him and certified by his oath and affirmation, and also, if required, by proper vouchers, and stating the whole cash value of the property lost or damaged; how the fire originated as far as he knows or believes, and that the loss occurred by misfortune and without fraud or evil practice on his part. (The company will furnish blanks for the same.) The president shall immediately appoint a committee of one (1) on all losses not exceeding two hundred dollars ($200.00) and on all losses over two hundred dollars ($200.00) a committee of not less than three (3) nor more than five (5) members of the company of which the secretary shall constitute one member, to ascertain the amount of such loss."

"Section 59. Losses shall not be payable until satisfactory proofs of the losses, prescribed in the by-laws, have been received by the company."

"Section 70. No change, alteration, indorsement or transfer of any policy shall be valid unless signed by and indorsed thereon by the secretary; in either case a duplicate record must be made on the policy register, and in case of transfer the party in interest shall give his obligation in place of the original obligation.

"Section 71. Policies are not assignable for the purpose of collateral security, but may be made payable to mortgagee as his interest may appear by attaching mortgagee clause to policy."

Although plaintiff's lands and improvements were mortgaged, no "mortgagee clause" was attached to the policy.

On December 18, 1923, plaintiff executed in duplicate, and delivered to the defendant and to his mortgagee, the following assignment:

"To Chris. Christiansen, President, and Harry T. Hanson, Secretary, Mutual Fire & Lightning Insurance Company of Richland County, Montana:

"In consideration of a mortgage given to C. L. Dempster of Lake City, Minn., during the year 1917, with the understanding that the buildings on S. E. ¼, sec. 12, Twp. 25, Rge. 58, be insured during the life of the mortgage for the benefit of the mortgagee, I hereby assign all my rights in insurance covering the buildings as stated in policy No. 417, dated November 2, 1922, to said C. L. Dempster, his assigns, and you are hereby authorized to make a draft in payment of loss covered by said policy payable to C. L. Dempster or to C. L. Dempster and myself jointly.

"CHARLES LA BONTE.

"Please attach to your record."

The assignment, mailed to Dempster, the mortgagee, was for reasons not appearing in the record returned to plaintiff and was by him produced on the trial. All testimony as to the contents of the letter accompanying its return was excluded on defendant's objection thereto.

On January 15, 1924, defendant notified plaintiff as follows: "Your claim of November 25, 1923, for $3,186.00 has been disallowed." Thereupon plaintiff commenced action, and in his complaint alleged, by separate paragraphs; (1) The corporate capacity of defendant; (2) the ownership in himself of all property described in the policy; (3) that the policy was in full force and effect at the time of the fire; (4) the total loss of all property covered; and (5) that he duly furnished the company with proof of loss and performed all conditions imposed upon him by the policy. He prayed for judgment in the full sum of the policy, with interest from the date of the fire.

To the complaint defendant interposed a general demurrer, which was by the court overruled. Thereafter, by answer,

defendant admitted the allegations of paragraphs 1, 2 and 3 of the complaint; denied the allegations of paragraphs 4 and 5 thereof; and affirmatively alleged that but a portion of the property insured was destroyed by the fire, and that by plaintiff's own willful and fraudulent act. Although defendant had in its possession the duplicate assignment to Dempster, the answer contained no allegation to the effect that plaintiff was not the real party in interest.

Plaintiff in reply denied the affirmative allegations of the answer, and at the opening of the trial amended paragraph 3 of his complaint by adding thereto the words: "And that the plaintiff is now the owner and holder of the said policy of insurance." By agreement in open court the admission in the answer of the allegations of paragraph 3 was extended to the amendment.

Plaintiff's proof showed that the house and contents, of a total value of approximately $3,100, were destroyed, but that the barn was not injured; that on the day following the fire plaintiff notified the secretary of the company of his loss, and that the day following such notice, the president, the secretary, and one other member of the company appeared at the scene of the fire and interrogated the plaintiff as to items destroyed and their value, which latter was roughly given, and that all statements were taken down by the secretary. The list thus furnished covered all items with the exception of a small amount of wearing apparel belonging to plaintiff's wife, which he agreed to list later, but did not. Plaintiff was not advised by the officers of the company, then or at any other time, that anything further was required of him, other than that he should later furnish a list of the unimportant items which he was not then able to give them.

At the close of the plaintiff's case, defendant moved for judgment of nonsuit upon the sole ground that plaintiff was not the real party in interest. The motion was overruled. Defendant thereupon produced evidence upon which the jury might have found that the plaintiff had willfully set fire to his property.

75 Mont.]    La Bonte *v.* Mutual Fire etc. Ins. Co.        **9**

[75 Mont. 1.]

The secretary testified that the three men who called upon plaintiff after the fire constituted the committee appointed, pursuant to the by-laws, by the president for the purpose of appraising the loss and were there for that purpose. No witness testified that proof of loss was not furnished the company.

On rebuttal the plaintiff explained certain suspicious circumstances appearing from testimony on the part of the defendant, denied all knowledge of the origin of the fire, and testified that he did all in his power to save the property.

At the close of all the evidence, defendant moved the court to instruct the jury to return a verdict in favor of defendant on the ground that plaintiff, through his failure to furnish formal proof of loss, was barred from a recovery in the action. This motion was overruled. On the conflicting evidence the jury returned its verdict on February 18, 1925, in favor of plaintiff and for the sum of $3,100, with interest thereon at eight per cent from November 23, 1923. Judgment was entered thereon and notice thereof given defendant on February 20, 1925. On March 2, 1925, defendant served and filed notice of intention to move for a new trial, which notice was by the court, on motion of plaintiff, stricken from the files on the ground that it was not filed within time.

Defendant's specifications of error are that the court erred (1) in overruling its motion for nonsuit; (2) in overruling its motion for a directed verdict; (3) in rendering and entering its judgment; and (4) in granting plaintiff's motion to strike the notice of intention to move for a new trial.

1. The plaintiff asserts that, as the appeal before us is from [1] the judgment alone, this court cannot consider the sufficiency of the evidence to support the judgment, citing *Withers* v. *Kemper,* 25 Mont. 432, 65 Pac. 422, or at most can only examine the record to determine whether there is any evidence to support the judgment, citing *Dawes* v. *City of Great Falls,* 31 Mont. 9, 77 Pac. 309.

In the first case cited, Mr. Justice Milburn, speaking for the court, called attention to the fact that the only attack made upon the evidence was by motion to strike, and that no

10    La Bonte *v.* Mutual Fire etc. Ins. Co.   [Oct. T. '25

[75 Mont. 1.]

motion for judgment was made, and thereafter said: "A bill of exceptions can raise only errors of the court in its rulings upon points of law  *  *  *   Before the court could err in ruling upon the weight of the evidence to support a decision in favor of the plaintiff, it would be necessary for the question to have been raised before the court." The question of the sufficiency of the evidence not having been raised in the manner indicated, or otherwise, the court properly held that the question could not be determined on the appeal from the judgment.

In the second case cited, a motion for a new trial was made and overruled, but, though at that time the order overruling the motion was appealable, no appeal was taken from the order, and it was therefore held that the questions presented to the trial court on the motion for a new trial were not before the supreme court on the appeal from the judgment.

But a motion for a judgment of nonsuit, or a motion for a directed verdict, is in effect a demurrer to the evidence and presents to the trial court a question of law to be determined (*Neininger* v. *Cowan,* 101 Fed. 787, 42 C. C. A. 20; *Cravens* v. *Dewey,* 13 Cal. 40), and where either of such motions is made in the trial court and overruled, the question of the sufficiency of the evidence to support the verdict and judgment is before this court on an appeal from the judgment (*McKay* v. *Montana Union Ry. Co.,* 13 Mont. 15, 31 Pac. 999; *William Mercantile Co.* v. *Fussy,* 13 Mont. 401, 34 Pac. 189; *Emerson* v. *Eldorado Ditch Co.,* 18 Mont. 247, 44 Pac. 969; *Kleinschmidt* v. *McAndrews,* 117 U. S. 282, 29 L. Ed. 905, 6 Sup. Ct. Rep. 761; *Frecking* v. *Rolland,* 53 N. Y. 422; *Vail* v. *Reynolds,* 118 N. Y. 297, 4 Ann. Cas. 304, 23 N. E. 301).

In support of assignment No. 1, counsel for defendant assert that by reason of his assignment of his claim, plaintiff parted with his right of action and was not the real party in interest, and as to assignment No. 2, contend that by failure to furnish formal proof of loss, plaintiff was precluded from a recovery, and admit that the third assignment depends entirely upon a determination of assignment 1 or 2 in favor of defendant.

2. The merits of defendant's first assertion are not before [2] us. By a positive provision of our Codes regulating our practice, the defendant was required to challenge the plaintiff's right to maintain the action by demurrer, if any defect appeared on the face of the complaint. (Sec. 9131, Rev. Codes 1921.) As "every action must be prosecuted in the name of the real party in interest" (sec. 9067, *Id.*), if it appears from the face of the complaint that the plaintiff is not the real party in interest, the objection may be reached by a general demurrer (*Lefebure* v. *Baker,* 69 Mont. 193, 220 Pac. 1111); but here no such defect appears on the face of the complaint, and therefore defendant's general demurrer was of no avail. "When any of the matters enumerated in section 9131 do not appear upon the face of the complaint, the objection may be taken by answer" (sec. 9135), and, if not so taken, the objection is deemed waived (sec. 9136). These provisions of the code are in accord with the general rule that "a defense that the plaintiff is not the real party in interest, and hence has no right to sue, must be specially pleaded in bar" (31 Cyc. 219); and the defendant having, with full knowledge of all the facts, failed to take its objection by answer, has waived the same and cannot here assert it (*Church* v. *Zywert,* 58 Mont. 102, 190 Pac. 291; *Schauer* v. *Morgan,* 67 Mont. 455, 216 Pac. 347; *Genzberger* v. *Adams,* 62 Mont. 430, 205 Pac. 658).

3. Defendant suggests that, if the judgment herein is [3, 4] permitted to stand, it will be liable to a double payment of the loss, as payment to the insured will not discharge it from liability to Dempster, the assignee. We think this apprehension groundless. While the clause against assignment of the policy without the consent of the insurer might not prevent an assignment of the claim after the insured has suffered a loss (Wood on Insurance, sec. 99; May on Insurance, 389; *West Branch Co.* v. *Helfenstein,* 40 Pa. 289, 80 Am. Dec. 573; *New York Life Ins. Co.* v. *Flack,* 3 Md. 341, 56 Am. Dec. 749), in order to constitute an assignment, as in the case of every assignment, there must be an acceptance of the offer made. In this case, the assignee, Dempster, returned the assignment to plain-

tiff, which act would indicate a rejection rather than an acceptance, and, as plaintiff had in his possession both the policy and the assignment and introduced them in evidence, Dempster would have nothing on which to base an action against this defendant if he sought to do so.

Again, Dempster was the holder of a mortgage on the real [5] estate and not on the personal property; the assignment is of plaintiff's claim for loss of the *buildings* which were separately listed in the policy; a substantial portion of his claim was thus retained by him, which would constitute an attempted splitting of his cause of action. As the company did not consent to such action, the attempted assignment, even if accepted by Dempster, was a nullity so far as this defendant is concerned. "Since the effect of the assignment of a part of a debt is to change materially the situation of the debtor by making him subject to the demands of two persons instead of one, it is generally held that his consent to such an assignment is essential to the creation of any obligation on his part to the assignee." (2 R. C. L., p. 624.) In the absence of consent, an assignment of a part of the claim cannot, even under a statute authorizing suit in the name of the real party in interest, be enforced by direct suit by the assignee against the debtor without his consent, although effective between the assignor and the assignee. (2 R. C. L. 640.)

4. The second question raised is that plaintiff failed to [6, 7] furnish the required proof of loss, that is, written proof, subscribed and sworn to by the insured and delivered to the insurer within five days after the fire. Such a requirement in a policy is a condition precedent, and failure to comply therewith will bar a recovery under the policy, unless the condition is waived by the company. (*Careve* v. *Phoenix Ins. Co.*, 67 Mont. 236, 215 Pac. 235; *Tuttle* v. *Pacific Mut. Life Ins. Co.*, 58 Mont. 121, 16 A. L. R. 601, 190 Pac. 993.) But that the insurer may, either voluntarily or involuntarily, waive this condition, has been settled beyond question in this state, in construing section 8145, Revised Codes of 1921, which declares that "delay in the presentation to an insurer of notice or proof

of loss is waived, if caused by any act of his, or if he omits to make objection promptly and specifically upon that ground." This section, with companion sections, are said in *Pasherstnik* v. *Continental Ins. Co.*, 67 Mont. 19, 214 Pac. 603, to be "as much a part of the policy of insurance as though written therein, and are controlling wherein their provisions conflict with those actually contained in the policy." (*Morrison* v. *Concordia Fire Ins. Co.*, 72 Mont. 97, 231 Pac. 905; *Ames* v. *Minneapolis Fire etc. Ins. Co.*, 69 Mont. 177, 220 Pac. 747; *Snell* v. *North British Ins. Co.*, 61 Mont. 547, 203 Pac. 521; *Da Rin* v. *Casualty Co.*, 41 Mont. 175, 137 Am. St. Rep. 709, 27 L. R. A. (n. s.) 1164, 108 Pac. 649.)

While the plaintiff's testimony concerning what was done by the company within the five days after the fire may not have been sufficient to show waiver of this condition, the defendant furnished the missing details by showing that the three men who visited the premises at that time were a duly appointed and acting committee of the company, appointed by the president, under section 55 of the by-laws to ascertain, and were there to ascertain, the loss. This evidence may be considered, in connection with that of the plaintiff, in determining whether error was committed by the court in overruling the motion for a directed verdict; for where such motion is made, it should not be granted if the defendant's evidence supplies the deficiencies in the plaintiff's case. (*McKay* v. *Montana Union Ry. Co.*, above; *Slack* v. *Brown*, 61 Mont. 99, 201 Pac. 565.)

It therefore appears from the record that plaintiff notified defendant of his loss within the prescribed time, and that the day following such notice, a committee, which under section 55 of the by-laws of the company could only be appointed after receipt of the proof of loss, was duly appointed by the president in the manner and for the purpose set out in that section and did all that it would have done acting under a formal proof of loss duly filed, and in their dealing with the plaintiff no member of the committee intimated that anything further would be required of plaintiff other than the furnishing of an additional

list of certain small articles, which were not considered on the trial. No witness testified that the formal proof of loss was not furnished, and the notice of disallowance of the "claim" indicated, not that plaintiff's right to a settlement was denied because of his failure to furnish written proof of loss, but that a "claim" was filed and disallowed for other reasons. Those reasons would seem to appear clearly from the nature of the defense made. Under these circumstances, we cannot but hold that the evidence established a waiver of formal proof of loss.

5. The defendant, however, contends that in order to prove [8] a waiver, plaintiff must have first pleaded waiver, and this he did not do, citing 26 C. J. 395; *Snell* v. *North British Ins. Co.*, above; *Krause* v. *Insurance Co. of North America*, 73 Mont. 169, 235 Pac. 408; *Continental Ins. Co.* v. *Chance*, 48 Okl. 324, 150 Pac. 114. As stated by Mr. Justice Holloway in *Lackman* v. *Simpson*, 46 Mont. 518, 129 Pac. 325: "This is the general rule; but the rule is equally well settled in this state that where evidence, which might have been excluded as not tending to reflect upon any issue made by the pleadings, has been admitted without objection, it will be given the same consideration as though fully warranted by the pleading of the party offering the evidence, or, in other words, the pleading will be treated as if it had been amended to admit the introduction of the evidence." (*Archer* v. *Chicago, M. & St. P. Ry. Co.*, 41 Mont. 56, 137 Am. St. Rep. 692, 108 Pac. 571; *O'Brien* v. *Corra-Rock Island Min. Co.*, 40 Mont. 212, 105 Pac. 724; *Capital Lumber Co.* v. *Barth*, 33 Mont. 94, 81 Pac. 994; *First Nat. Bank* v. *Robke*, 72 Mont. 527, 235 Pac. 327.)

The company here did not defend upon the ground that the formal proof of loss was not furnished, but upon the theory that plaintiff had willfully burned his property; all of the evidence as to what was done after the fire was admitted without objection, and the evidence of the plaintiff was supplemented and its deficiencies supplied by the defendant. If no formal proof of loss was furnished, the company had full knowledge of that fact and could have successfully objected, under the allegations of plaintiff's complaint, to the introduction of all of

[75 Mont. 1.]

the evidence constituting a waiver and insisted upon proof of the allegation that proof of loss was furnished the company before any proof of loss could be introduced. As defendant permitted this evidence to go in without objection, the court was justified, on the motion for a directed verdict, in treating the complaint as though amended to admit the introduction of that evidence, and did not err in overruling the motion.

6. There is no merit in defendant's fourth assignment. The [9, 10] order of the court striking the notice of intention to move for a new trial cannot be reviewed on an appeal from the judgment, and even if it could be, no error was committed, as section 9399, Revised Codes of 1921, requires a party, desiring to move for a new trial in a case tried by a jury, to serve upon the adverse party and file his notice of motion for a new trial within ten days after the return of the verdict. Here the verdict was returned on February 18, and the notice stricken was not served or filed until twelve days thereafter.

No substantial error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.