**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, *Plaintiff Appellee*, <br><br> v. <br><br> JOHN P. GREYTAK; TANGLEWOOD INVESTORS LIMITED PARTNERSHIP, *Defendants-Appellants*, <br><br> and <br><br> GTL, INC., *Defendant*. | No. 13-35133 <br><br> D.C. No. 9:12-cv-00014-DWM <br><br> ORDER CERTIFYING QUESTION TO MONTANA SUPREME COURT |

Filed June 25, 2014

Before: M. Margaret McKeown and Paul J. Watford, Circuit Judges, and Barbara Jacobs Rothstein, Senior District Judge.[*]

Order

---

[*] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the United States District Court for the Western District of Washington, sitting by designation.

## ORDER

ROTHSTEIN, District Judge:

### I

Pursuant to Rule 15(3) of the Montana Rules of Appellate Procedure, we respectfully request that the Montana Supreme Court exercise its discretion to adjudicate the following question of Montana law:

> Whether, in a case involving a claim of damages by a third party, an insurer who does not receive timely notice according to the terms of an insurance policy must demonstrate prejudice from the lack of notice to avoid defense and indemnification of the insured.

The answer to this certified question will be determinative of the appeal pending in our court in this diversity action. We acknowledge that your Court may decide to reformulate the question and that our phrasing of the question is not intended to restrict your Court's consideration of this request. We are grateful for any guidance your Court can give us, whether or not directly responsive to the question as we have phrased it.

### II

In this diversity action, Defendants-Appellants John P. Greytak and Tanglewood Investors Limited Partnership (collectively, "Greytak") appeal from the final judgment entered following the granting of Plaintiff-Appellee Atlantic

Casualty Insurance Company's ("Atlantic") motion for summary judgment.

This case stems from an underlying civil action filed in Granite County, Montana, involving third-party GTL, Inc. ("GTL").[1] At the time of the action GTL was insured by Atlantic. On March 16, 2010, GTL filed suit against Greytak for non-payment. On April 30, 2010, in a letter sent to GTL, Greytak asserted the bases for various counterclaims involving alleged construction defects. On November 5, 2010, still in state court, Greytak filed its counterclaims against GTL. On April 13, 2011, GTL and Greytak reached a written "settlement agreement."[2] The agreement required GTL to notify Atlantic of Greytak's counterclaims. GTL and Greytak agreed that if Atlantic did not appear to defend the case and did not file a separate declaratory action, GTL would allow judgment to be entered in favor of Greytak in the amount of $624,685.14 plus costs. If, on the other hand, Atlantic did appear to defend the case, Greytak would "be entitled to pursue its remaining claims to judgment . . . [and] shall . . . ensure that GTL will have no financial responsibility for such judgment . . . [Greytak] shall look solely to [Atlantic] for the recovery of any judgment . . . ." If Atlantic filed a declaratory action, Greytak agreed to "defend such claim on behalf of GTL for the purpose of establishing coverage . . . ."

---

[1] GTL did not appear to defend itself in district court and defaulted. GTL is not a party to this appeal.

[2] While styled a "settlement," the agreement did not fully resolve the case. GTL's claims against Greytak were fully settled for a payment of $20,000. However, Greytak's counterclaims were not resolved.

The insurance policy issued by Atlantic to GTL ("the Policy") states that "[w]e will have the right and duty to defend the insured against any 'suit' seeking . . . damages." The Policy also states that the insured "must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim . . . [i]f a claim is made or 'suit' is brought against any insured, you must . . . [n]otify us as soon as practicable. You must see to it that we receive written notice of the claim or 'suit' as soon as practicable."

GTL notified Atlantic of Greytak's counterclaims through a letter mailed on May 23, 2011, more than a year after the counterclaims had been asserted by letter, six months after Greytak had filed the counterclaims in court, and after the "settlement" had been reached between Greytak and GTL. Greytak separately notified Atlantic of the counterclaims by a letter dated August 5, 2011.

On January 23, 2012, Atlantic filed suit against GTL and Greytak in the United States District Court for the District of Montana, seeking declaratory relief. Atlantic sought a declaration that it was not required to defend GTL from Greytak's counterclaims and that it was not required to pay any portion of a judgment obtained against GTL on the grounds that it had not been given timely notice as required by the Policy language.

Greytak and Atlantic each filed motions for summary judgment. The district court held a hearing and, on January 14, 2013, granted Atlantic's motion for summary judgment and denied Greytak's motion for summary judgment. The district court found that Atlantic did not have timely notice of Greytak's claims against GTL and, therefore, Atlantic was excused from performance. In denying a motion for relief

from judgment filed by Greytak, the district court found that, pursuant to Montana law, Atlantic was not required to demonstrate that it was prejudiced by a lack of timely notice regarding Greytak's claims against GTL.[3]  Greytak timely appealed.

## III

The sole question under Montana law is whether, in a case involving a claim of damages by a third party, an insurer who does not receive timely notice according to the terms of an insurance policy must demonstrate prejudice from the lack of notice in order to avoid defense and indemnification of the insured.

Atlantic argues that Montana law already answers this question in the negative, relying primarily on language in *Steadele v. Colony Insurance Co.*, 260 P.3d 145 (Mont. 2011).  In *Steadele* your Court considered a third-party claim for damages due to construction defects under a commercial general liability insurance policy similar to the policy at issue in the instant case.  *Id.* at 147–48.  The language of the *Steadele* policy stating that notice was to be given to the

---

[3] In its decision, the district court wrote: "[T]he Montana Supreme Court found a five month delay between filing of claims in the underlying litigation and eventual notice to the insurer was deficient and barred coverage.  While the Montana Supreme Court mentioned Colony Insurance Company was prejudiced by this delay, they did not elect to impose a requirement that an insurer be prejudiced by deficient notice. Given the opportunity to declare a notice-prejudice rule in the context of third-party commercial claims, the Montana Court declined to do so." *Atl. Cas. Ins. Co. v. GTL, Inc.*, 915 F. Supp. 2d 1169, 1178–79 (D. Mont. 2013) (internal citations omitted) (discussing *Steadele v. Colony Ins. Co.*, 260 P.3d 145 (Mont. 2011)).

insured "as soon as practicable" is identical to the language of the Policy issued to GTL by Atlantic in this case. *Id.* at 149. Addressing the notice requirement, your Court held that "this Court [has] held that a notice requirement in an insurance policy 'is a condition precedent, and failure to comply therewith will bar a recovery under the policy, unless the condition is waived by the company.'" *Id*. at 150 (quoting *LaBonte v. Mut. Fire & Lightning Ins. Co.*, 241 P. 631, 635 (Mont. 1925)). Your Court affirmed its past holding that "failure of the [insureds] to submit notifications of accident and proof of loss to [the insurer] as soon as practicable, as required by the policy, barred any claims for reimbursement . . . ." *Steadele*, 260 P.3d at 150 (quoting *Riefflin v. Hartford Steam Boiler Inspection & Ins. Co.*, 521 P.2d 675, 678 (Mont. 1974)). Your Court further held that the Steadeles' claim "depends entirely on the existence of insurance coverage . . . [t]he scope of an insurer's duty to defend its insured . . . is determined by the language of the insurance policy . . . [i]f there is no coverage under the terms of the policy based on the facts contained in the complaint, there is no duty to defend." *Steadele*, 260 P.3d at 150 (citing *Grimsrud v. Hagel*, 119 P.3d 47, 53 (Mont. 2005)). Based on *Steadele*, Atlantic argues that your Court specifically addressed the contractual provision at issue and has not imposed a notice-prejudice requirement.

Greytak argues in response that Montana law requires that an insurer demonstrate prejudice from lack of notice to avoid defense and indemnification of its insured. Greytak points to the discussion of prejudice in *Steadele*:

> In this case, because Colony did not receive notice of the claim, Colony was prejudiced in that it was deprived of the ability to

investigate, to locate witnesses, to appoint counsel, to engage in discovery, to negotiate a settlement, and to develop a trial strategy.

Finally, we observe that this is not a case where the insured failed to notify its carrier by a few days or where the failure to notify was *de minimis*. Rather, here, MCHC failed to notify Colony for months after having been served with the Steadeles' summons and complaint.

*Steadele*, 260 P.3d at 151.

Greytak also relies on your Court's discussion of *Steadele* in *Newman v. Scottsdale Insurance Co.*, 301 P.3d 348 (Mont. 2013):

In *Steadele,* we concluded that the district court properly granted the insurer's motion for summary judgment based upon its complete lack of notice of the pendency of any claim against its insured, until more than 60 days after a default judgment in the approximate amount of $1.88 million had been entered in favor of Steadele and against the insured. When Steadele attempted to recover the judgment amount from Colony, Colony argued that the lack of notice of the claim severely prejudiced it. We observed that because of the lack of notice, Colony was completely deprived of the ability to investigate, locate witnesses, appoint counsel

> or negotiate a settlement and therefore suffered prejudice.
>
> There are notable distinctions between *Steadele* and the case before us . . . [t]he most significant distinction, however, is that in *Steadele,* Colony Insurance asserted from the inception that because the insured never notified it of the litigation, it was deprived of the ability to investigate and assess the validity of the claim.

*Newman*, 301 P.3d at 360 (internal citations omitted).

In *Newman* your Court rejected the insurer's argument that it had been prejudiced, holding that the argument was "belied by the fact that [the insurer] made a conscious decision to deny coverage . . . [and] did not ever seek to retain counsel, investigate the claim, or develop a trial or settlement strategy. Thus, not only is the prejudice argument irrelevant in the face of waiver, it is wholly unsupported in the record." *Id.* at 361.

Greytak argues that the holdings in *Steadele* and *Newman* establish a requirement under Montana law that an insurer demonstrate prejudice from lack of notice to avoid defense and indemnification of its insured.

We have found no Montana court decisions that resolve the question of whether an insurer must demonstrate prejudice due to lack of timely notice to avoid defense and indemnification of its insured pursuant to a claim by a third party. A declaration by your Court on this question would guide us in resolving the parties' dispute. Your acceptance of

the request for certification of this question will also be of great assistance in correctly applying Montana law.

## IV

The clerk of this court shall forward a copy of this order, under official seal, to the Montana Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court. The parties shall notify the clerk of this court within 14 days of any decision by the Montana Supreme Court to accept or decline certification. If the Montana Supreme Court accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that Court's opinion. Submission of the questions presented in this appeal will be vacated by separate order pending the Montana Supreme Court's response to this request.

## V

The following is a list of counsel appearing in this matter:

Counsel for Appellants John P. Greytak and Tanglewood Investors Limited Partnership:

Quentin M. Rhoades
1821 South Avenue West, Third Floor,
Missoula, MT 59801
(406) 721-9700
qmr@montanalawyer.com

Counsel for Appellee Atlantic Casualty Insurance Company:

Matthew Hutchison
22 Second Ave. West, Suite 4000, P.O. Box 728,
Kalispell, MT 59903-0728
(406) 755-5700
mkh@kvhlaw.com

Valori E. Vidulich
22 Second Ave. West, Suite 4000, P.O. Box 728,
Kalispell, MT 59903-0728
(406) 755-5700
vev@kvhlaw.com

Respectfully submitted,

M. Margaret McKeown and Paul J. Watford, Circuit Judges,
and Barbara J. Rothstein, Senior District Judge.