**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In the Matter of: **EDRA D. BLIXSETH,**<br><br>Debtor,<br><br>---<br><br>**ROSS P. RICHARDSON, Chapter 7 Trustee for Yellowstone Club World, LLC; RICHARD J. SAMSON, Chapter 7 Trustee for the Estate of Edra D. Blixseth,**<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>**CINCINNATI INSURANCE COMPANY,**<br><br>Defendant - Appellee. | No. 13-35098<br><br>D.C. No. 2:12-cv-00017-SEH<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 4, 2014
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:        **KOZINSKI**, **PAEZ** and **BERZON**, Circuit Judges.

**1.** Cincinnati Insurance Company's policy specifies that "[a]s a condition precedent to coverage . . . [,] [t]he 'policy insureds' shall give [Cincinnati] written notice of any 'claim' made against any of the 'policy insureds' for a 'wrongful act.'"  It is undisputed that Yellowstone Club World and its bankruptcy trustee, Richardson, are not "policy insureds."  Because the February 3, 2010 letter from Richardson's counsel notifying Cincinnati of Proof of Claim 46 was not sent by a "policy insured," Cincinnati does not have a duty to defend.  See Steadele v. Colony Ins. Co., 260 P.3d 145, 149 (Mont. 2011) ("when the language of a policy is clear and explicit, the policy should be enforced as written"); La Bonte v. Mut. Fire & Lightning Ins. Co. of Richland Cnty., 241 P. 631, 633, 635 (Mont. 1925) (holding that the policy's requirement that "the insured shall give immediate notice [of loss or damage] . . . and . . . deliver to the [insurer] a particular statement in writing of such loss or damage" is "a condition precedent, and failure to comply therewith will bar a recovery under the policy").

**2.** Plaintiffs argue that Newman v. Scottsdale Insurance Co., 301 P.3d 348 (Mont. 2013), requires Cincinnati to defend Proof of Claim 46 because "[a]t the time that [Cincinnati] refused to provide a defense in response to the [February 3,

2010 letter from Richardson's counsel] . . . , it was not unequivocally established that the letter[] did not satisfy the notice provision in the Policy." But <u>Newman</u> only establishes that an insurer waives its right to refuse to defend on the basis of an insured's failure to comply with a notice requirement, where the insurer initially denies coverage on some other ground. <u>Id.</u> at 360. <u>Newman</u> does not alter well-settled Montana law that, absent such waiver, failure to comply with a notice requirement bars recovery under the policy. <u>See</u> <u>Steadele</u>, 260 P.3d at 150; <u>La Bonte</u>, 241 P. at 635. Here, the duty to defend never attached because the policy insureds did not give written notice, as required by the express terms of the policy, and Cincinnati identified that failure as its reason for denying coverage.

**3.** In reaching the conclusion that Cincinnati did not have a duty to defend, the district court reasoned that the February 3, 2010 notice was untimely because the claims in Proof of Claim 46 did not arise out of the wrongful acts described in the January 30, 2009 letters from Yellowstone Mountain Club's counsel. We may affirm on any basis supported by the record, so we need not address whether Plaintiffs provided timely notice. <u>See</u> <u>Gordon</u> v. <u>Virtumundo, Inc.</u>, 575 F.3d 1040, 1047 (9th Cir. 2009).

**AFFIRMED.**